Rueein, Chief-Justice.
 

 The great importance of the questions arising under the act of 1798, in their bearing on individual rights and thepublic repose, and the doubts
 
 *597
 
 which seem to be entertained upon them in the profession, has called for the most deliberate consideration of them, on the part of the court. It is gratifying to us, that numerous cases have been brought up, in which respectively those questions are presented in almost every varied form of which they are susceptible, and that some of them have been argued, at the bar, with an ability which has greatly aided the court in arriving at conclusions satisfactory to ourselves, and founded,as we think, on clear principles and authorities. In
 
 Crow
 
 v.
 
 Holland,
 
 (an.417) we have held that a private person is not entitled to use the name of the State and her remedy, as sovereign, to repeal a grant, which did not aggrieve him at and by its emanation ; in other words, that only an elder patentee, or he who had prior right, can sue a
 
 scire facias.
 
 In
 
 Hoyl
 
 &
 
 others
 
 v.
 
 Logan, (an. 495)
 
 we have further held,that the privilege thus belonging to the elder title ceases with the right to which it is an incident; and therefore, that the party must continue to be entitled at the time of resorting to this remedy. Hence a bar to his right of entry, such as the statute of limitations or a conveyance from himself, is also a bar to the
 
 scire facias.
 
 For he is then no longer a person grieved, but an officious intermeddlcr.
 

 The present is a mixed case. The relator’s patent is junior to that of tiie defendant, but his entry is prior; and the question is whether that is, within the act of 1798. We think very clearly that it is not. We see no reason to doubt that as between the State and the defendant, the land, when once entered, is no longer the subject of re-entry and of grant, if the first entry remains in force, and is finally perfected, more than it would be if the first enterer had also obtained the first grant The second entry is void by the words and in the sense of the act of 1777, as well when there is a prior entry, then valid and on which the party, entitled by it, proceeds to complete an apparent title, as when such completion has taken place before the second entry or the grant founded on it. But the enquiry is, against whom and in what sense is it void, and how is adran-
 
 *598
 
 tagc to be taken of it ? It is void against the State, being founded on the false suggestion, tiiat the land had not before been either granted or entered. Is it so as against the first enterer himself? The question implies in its terms, that the party's title consists of his entry-alone; and the decisions already made shew in that alone it must consist, for as a junior patentee he has no remedy under the act of 1798. The entry has never been considered as a legal title, or as at all constituting a part of the title at law.
 

 An entry of jandüs a mew equity to demand a grant upon pay* mennt of the pur ®ha3e. raonEy »» “Ue time> and 18 not noticed at g^ofeawa™^ der the act 1777,
 
 (fíev‘ c'
 

 roper caserne f‘rat enters Jn equity «gainst
 
 *599
 
 another who obtains a grant for the entry.
 

 
 *598
 
 It is not given in evidence in ejectment, to support the grant by shewing an authority in the officers of State to issue it. Perhaps this would at once be a conclusive answer to the petitioner, since this proceeding by
 
 scire fáúas
 
 is strictly at common law, and within the jurisdiction of the Chancellor derived from that source. (4
 
 List.
 
 88). But there is a better reason, founded in the nature of the right by entry and the defences against it. It is an equity, which upon the payment of the purchase money, entitles the enterer to a grant, if applied for in due .... ,, ; season; and also entitles him to call tor a conveyance from one who has already obtained a grant for the same .... ' rr,i I ■ land, with notice of the previous entry. That such is the idea of the right by entry, is clear from many circum-stancess. Entries are not made the subjects of legal jurisdictions in any but the excepted case of a caveat, as provided in the act of 1779, which arose upon the discontinuance of the land offices. Decrees have been frequently made in equity for the first enterer against the first patentee. They repel the position, that the grant as between those parties, is void. They are founded in the very contrary position, that they are not void, but that the grantee is a trustee for the claimant under the prior entry. The decree proceeds precisely on the same ground with one against a person, who, having notice of an unregistered deed, takes a conveyance to himself, and registers it first. The first deed is not made valid at law by the notice, nor the latter invalid, but the last? purchaser is held to have taken his legal title, by reason of the iraud, in trust for tho first purchaser. For
 
 *599
 
 tliat reason the first enterer has relief in equity. It is founded on the proper ground, namely the fraud on A 4 v himself. When he seeks relief on the different ground, that is to say, a fraud on the State, lie must show himself to be a person to whom tlie law has delegated that privilege. By the act of 1798, it is to be exercised in a court of law; and it follows to our apprehension, that he only can be said to- have it, who can show a title •which that court can recognise, investigate and adjudge, and against which a mere equity on the other side, would be no answer. We think the statute did not intend to enlarge the jurisdiction of the common law courts, so as to embrace some .of the nicest equities, and involve them in .issues to be submitted to a jury. — • But what confirms us entirely in this opinion, is, that there is.no necessity for such a jurisdiction, and therefore, it is not to be presumed, that' it was intended to -be created by the general words “ persons aggrieved.’-’— The purpose was to give a remedy to those wdio had none before. The first enterer -had. at that time an adequate and complete one in equity. Two were not necessary; and either it must be supposed that two are given in the saíne case, or that a less perfect claim under the entry will be sustained at law than would authorise relief in equity: and neither supposition is admissible. There is also’this farther reason: a court of equity measures its relief according to the rights of the parties and holds the defendant a trustee for the various persons entitled to the extent of their rights respectively. If the first entry be for a part only of the land granted, so far only is the title of the grantee defective and a trust declared. This is manifestly the justice of .the case. But under the statute, the grant is void,for the wdiole, if it be so as to any part, and the judgment is that it and the enrollment be revoked, annulled, cancelled and vacated. The case before the court is an example of this kind.-— The grant to the defendant covers but a small part of the plaintiff’s entry, and includes other lands not entered by him. A. judgment against the defendant would avoid his grant
 
 in tolo,
 
 .while the plaintiff has an equita
 
 *600
 
 ble interest in only a portion of the land. To this ihe defendant must submit, in a case where the plaintiff has * no other remedy but the one which cancels the grant; because his rights must yield to the superior rights of the opposite party. But in putting a construction on the statute, as to the persons to whom this remedy is given, this is a sufficient reason for confining it to those who are without any, but under the statute.
 

 The Court will not be understood as expressing an Opinion, that the mere circumstance that lands included in an elder patent or entry are covered in whole or in part by a younger one, does render the latter void within the statute : For it is our purpose to avoid any determination beforehand, upoh the cases which the act embraces, or may be supposed to embrace.
 

 We all think that for these reasons, the judgment of the Superior Court must be reversed, and judgment be rendered for the defendant, notwithstanding the verdict.
 

 Per Curiam. — Judgment reyerseb.