Nash, J.
 

 The first objection is, that the copy of the grant to Tatum and Moore, which was offered in evidence by the defendant, was incomplete, and had not been registered in the County of Randolph, within the time prescribed by law. The first branch of the objection is not true in point of fact — the copy is complete. As to the second branch, the facts were, that the copy was not registered until the sitting of the Court. The grant is dated in 1783, and ought by the terms of the act of 1783 to have been registered within twelve months from its date. But the Legislature has uniformly, with one omission, passed laws at every session to enlarge the time. The omission alluded to, was at the session of 1819, but it was supplied at the session of 182t, and care has been taken, that there should be no such failure since.. The copy of the grant, offered in evidence, was registered in Randolph County, in the month of March, 1849 ; and at the preceding session of the Legislature, held in 1848, the usual act for prolonging the time for registering grants was passed ; so that, in truth, the grant was reg» istered in Randolph County within the time prescribed bylaw; and, when.so registered, the'act of 1836, eh* 42, sec. 24, makes it evidence.
 

 
 *336
 
 The second objection cannot avail the plaintiff. The passage of the acts, to which reference has been made, prolonging the time, within which grants shall be registered in the County, has practically the effect of rendering nugatory that clause in them ; and must continue to have that effect, as long as the Legislature shall continue to pass them. I mean that it renders nugatory the effect, that the neglect to register the grant, within a limited ■time, might have. The grant then may be registered at a.iiy time, if, at that time, there be any law authorising the act, which is not denied in this case. If the registration of the grant was legal, then it must have the 'effect of relating back; this is a necessary consequence» and daily recognized in our practice.
 
 Scales
 
 v.
 
 Fewel,
 
 3 Hawks. 16. There is scarcely one grant in a hundred, which is registered within two years from its date. Nor is it even thought necessary to examine into the date of its registration. It can make no difference, that the grant in this case was not registered before the action was brought. If the intention of the registry acts is to give notice to the citizens of the County, what lands are vacant, and if it be desirable, that such notice should be given, the policy of the continuing acts may be well questioned, but our duty is to execute the layv as we find it.
 

 The third objection is not sustained. There was no evidence, that the plaintiff entered as the tenant of Walker and Dorsett, or, in any manner, claimed under their authority. The altercation between the defendant and Dorsett was entirely irrelevant.
 

 We see no error in the opinion of his Honor on the points brought here.
 

 Per Curiam. Judgment affirmed.