J. C. HALL and others v. WILLIAM A. HOLLIFIELD.

*Entry and Grant -- Waiver of Entry.*

No estate or interest in land is acquired by an entry; only a right of pre-ference. So where A and B enter land jointly and afterwards B de-clines to take out a grant from the State and A takes out one in his own name, paying the purchase money therefor; *Held*, that B has no estate in the land.

(*Beaman* v. *Simmons*, *ante* 43; *Testerman* v. *Poe*, 2 D. & B. 103, cited and approved.)

CASE AGREED, heard at Spring Term, 1876, of MITCHELL Superior Court, before *Henry, J.*

The following are the material facts in this case, viz; The defendant and one E. A. Hall (deceased ancestor of plaintiffs) had an entry made for a tract of land on the books of the Entry Taker in Mitchell County in their joint names, the defendant paying the Entry Taker's fee and Hall agree-ing to reimburse him one half of fees, which he never did. Subsequently defendant proposed that they should take out a grant from the State for the land so entered, &c. when Hall told him that he had declined the idea of doing so as he was fearful of a prior entry and that he, the defendant, could get some one else to go into it with him. The defendant made arrangements and took out a grant in his own name and paid the whole of the purchase money and afterwards sold the land to other parties. After Hall's death his heirs in-sist in this proceeding that the defendant holds one half of said land in trust for them.

His Honor gave judgment for defendant for costs. Appeal by plaintiffs.

*Messrs. W. W. Flemming,* and *R. W. Sandifer,* for plaintiffs, cited *Featherston* v. *Mills,* 4 Dev. 596; *Crow* v. *Holland, Ibid,* 417 ; Bat. Rev. ch. 50 § 10.

*Mr. A. C. Avery,* for defendant, cited 3 Mur. 68 ; Adams Eq. 155–7, (note) *Henderson* v. *Hoke,* 1 D. & B. 149 ; *Pegues* v. *Pegues,* 5 Ire. Eq. 418 ; *King* v. *Weeks,* 70 N. C. 372.

FAIRCLOTH, J. (After stating the facts as above.) The public lands of the State are open to entry by any of its citizens and the first declaration of intention is made on the books of the Entry Taker in the County where the land lies and this gives priority, called a pre-emption right. No estate or interest in the land is thereby acquired. No consideration is paid and none of the requisites for that purpose are performed, but simply the right to be preferred when the money is paid and the other formalities required by the statute are complied with.

In *Beaman* v. *Simmons,* decided at the present term it was held, that although the defendant had sold land to the plaintiff, received a part of the purchase money and delivered him a deed, a surrender of the deed by agreement before it was registered gave the defendant a good title free from any equity of the plaintiff. One who bids off land at a Sheriff's sale may relinquish or assign his bid by *parol* to another and the Sheriff's deed to the latter will be valid. *Testerman* v. *Po* , 2 D. & B. 103.

The first purchaser has no further concern or interest in the matter unless by agreement the assignment is made for his benefit. If in matters of contract like these, an assignment may be made by *parol,* we can see no reason why a mere inchoate pre-emption right like the one before us cannot be assigned in like manner.

When Hall relinquished his right, there was no agreement that defendant would obtain title and hold the land or any

part of it for his benefit; on the contrary he expressly directed the defendant to get somebody else to go into it with him.

No error.

PER CURIAM.                    Judgment affirmed.