JOHN W. HARRISON v. JOHN and JUBAL EMERY.

*Trust—Account.*

Where A takes out a grant of land from the State in pursunace of a contract with B, that the latter shall share the  land upon payment of a certain proportion of the expenses incurred in  securing and completing the title, and B is let into possession of the land by consent of A, a trust in favor of B attaches to the estate, and he is entitled to an account of  the proceeds of timber cut from said land and sold by A.

(*Cohn* v. *Chapman,* Phil. Eq., 92; *Hall* v. *Hollifield,* 76 N. C., 476, cited, distinguished and approved.)

CIVIL ACTION tried at Fall Term, 1879, of WAKE Superior Court, before *Avery, J.*

11

The facts are stated in the opinion. The court below gave judgment that plaintiff be declared a trustee for defendant, and referred the case to the end that an account may be stated between the parties, and retained the cause for further directions upon the coming in of the referee's report. From this ruling the plaintiff appealed.

·Messrs. A. M. Lewis & Son, and J. H. Fleming, for plaintiff.
.Messrs. Battle & Mordecai, and W. H. Pace, for defendants.

:SMITH, C. J. The plaintiff claiming title to the two tracts ·of land mentioned in his complaint under separate grants from the state to himself, each bearing date December 2nd, 1872, seeks to recover possession and compensation in damages for trespasses committed by the defendants in cutting and removing timber therefrom, and also to restrain by injunction any further injury to the premises. The defendants jointly answering, admit the legal estate to be in the plaintiff and the occupation of a portion of the land by the defendant Jubal, who, as they allege, was put in possession by the plaintiff and the defendant John, under an arrangement that he should remain until their conflicting claims thereto were settled, and they allege that they have ceased to cut any more trees on the land.

Interposing an affirmative claim to relief, they further say, that shortly before the grants issued, an agreement was entered into between the plaintiff and defendant, John, that the larger tract should be entered for the benefit of both, and all expenses attending the entry, survey and taking out the grant, be equally borne by them, and that title should be taken in the name of the plaintiff and the estate therein held in trust for their mutual and common benefit; that in like manner an agreement was made by them and one Jubal Emery for the entry, survey and grant of the other and smaller tract, in which each one of the three was to have the

same interest and share and pay his ratable part of the expense incurred in securing the title, and the grant to be issued to the plaintiff upon similar trusts for the several parties, and that the share of said Jubal has since been acquitted by the plaintiff. The defendants further aver, that the defendant John has paid his part of the costs of securing both tracts, and the plaintiff has himself cut and sold large quantities of wood from the premises, for which he is accountable in an adjustment of the profits derived from the land. They ask for judgment declaring the plaintiff to hold as trustee for himself and said defendants in the proportions mentioned and directing him to convey to the defendant his moiety and third part in the respective tracts, and also for partition and an account.

The counter-claim asserted is positively denied in the replication, and the plaintiff admitting the contracts to have been made as charged and that the defendant did, during the progress of the survey pay daily his ratable part of the costs, says, that the defendant did not continue to do so, and in consequence the work was arrested and resumed only on his own undertaking to pay the whole, and that thereafter the defendant paid no more of that expense, as he did none of that afterwards incurred in procuring the grants. He further denies that any trust attaches to the estate conveyed to him by reason of anything that transpired between them.

The controversy growing out of the conflicting statements of fact upon which the alleged trust depends is expanded into a series of issues submitted to jury, the substance of whose material findings may be thus summarily stated:

The plaintiff and the defendant, John Emery, did agree that the grants should be taken out by the former for their joint benefit, and the latter should have a third interest in the tract of 117 acres and one-half interest in the other tract, described as containing 226 acres, except as to so much as had been previously conveyed to S. H. Rogers,

an area of sixty acres. This contract was on the condition (or terms as we interpret the word) that 'the defendant should pay his ratable part of all expenses incident and necessary to securing the title. The defendant has paid his share of the expenses of entering and surveying both tracts and five dollars towards the cost of the grants. He also boarded the hands employed in the survey and is entitled to a credit for the value thereof in making up his deficiency. The other needed expenditures were made by the plaintiff. The defendant never advised the plaintiff of his inability to supply his portion of the funds, nor for this reason authorized him to take out the grants for his own sole use, nor has he failed or refused to comply with a request from the plaintiff to contribute his share of the money required in procuring the grants. It appears further from the pleadings, that both parties have cut and used timber upon the land, with the value of which each charges the other. The other findings necessary to the recovery of possession are immaterial upon the issue made in the counterclaim and are passed without comment.

The plaintiff, upon his motion for a new trial, assigns as the ground therefor, the indefiniteness of the responses of the jury to issue 2, 3 and 4, and the absence of any evidence to sustain the responses to issues 8 and 10, and upon its denial and the rendition of the judgment he assigns other exceptions thereto. Without an examination of each in detail, it is sufficient to say that all are based upon a misconception of the object for which the verdict was taken.

If a *final judgment* were to be rendered upon the findings, their insufficiency and the want of proof to authorize some of them, might be a just ground of objection. But this is not the case. The preliminary enquiry to be settled was as to the existence and validity of the trust adhering to the estate vested in the plaintiff, created by the alleged contract and recognized as in force during the pendency of the

proceedings to obtain the title, and if it has been abandoned, as asserted in the replication by any act or omission of the defendant. For this purpose the findings are not wanting in precision, nor are those objected to because of the want of evidence, if such be the fact, material to the adjudication that declares and establishes the trust. The contract and the payment under it and the use of the land by both parties, as owners, fully warrant the ruling of the court, and we deem it necessary only to refer to *Cohn* v. *Chapman*, Phil. Eq., 92, cited for the defendant to support the conclusions of His Honor.

The surrender or loss of the equity negatived by the verdict of the jury adverse to the alleged fact on which it is made to rest distinguishes the present from the case relied on in the argument for the plaintiff—*Hall* v. *Hollifield*, 76 N. C., 476. There, the equity arising out of the original agreement under which a joint entry was made was expressly surrendered by the ancestor under whom the plaintiffs claimed, and the defendant authorized at his own expense and for his sole benefit to proceed and take title to himself, and he was in fact at all the expense incurred in doing so. The reference was of course proper, and as the case states deferred until the issues were passed upon

No exception seems to have been taken to the rulings of the court upon the evidence, nor was His Honor asked to give any directions as to the deficiency in the evidence in regard to any issue; and this objection is first made after verdict. We have had occasion to refer to this point at the present term in .............. v. ......................, and forbear further comment now as not required in disposing of the appeal, and it is referred to in order to avoid any improper inferences from our silence.

There is no error and the judgment must be affirmed. Let this be certified.

No error.                                    Affirmed.