RITCHIE v, FOWLER.

(Filed June 6, 1903.)

1. GRANTS—*Trusts—Cherokee Lands—Case on Appeal—The Code,   Vol. 2, Ch. 11.*

In an action to have a senior grantee declared a  trustee for a  junior grantee of  public land, a bare  statement in the  case on  appeal that the  defendant claimed  under the senior  grantee does  not authorize  a decree that  the defendants be declared· trustees for the benefit of the plaintiffs.

2. LIMITATIONS OF ACTIONS—*Grants—Trusts—The Code, Sec. 158.*

The registration of a grant is constructive  notice to a  junior grantee that a senior grantee claims the land included in the  grant and an action to declare the  senior grantee a  trustee for the  benefit of the junior grantee  must be brought within  ten years of  said registration.

DOUGLAS, J., dissenting.

ACTION by W. R. L. Ritchie against Frederick Fowler and others, heard by Judge *M. H. Justice* and a jury, at November Term, 1902, of the Superior Court of MACON County. From a judgment for the plaintiff, the defendants appealed.

*S. L. Kelly,* for the plaintiff.
*Kope Elias* and *Shepherd & Shepherd,* for the defendants.

CLARK, C. J.   One Howard entered, under the law as to Cherokee lands (The Code, Vol. 2, Ch. 11), three tracts of land for 700 acres in June, 1855, and two other tracts for three hundred acres in June, 1853.   The purchase money was thereafter duly paid.   Subsequently (when, is not stated) these entries were duly surveyed, located and bounded.   In February, 1870, grants for the above five tracts were issued to the assignees of Howard and registered in Macon County November, 1885, and said grantees conveyed to the plaintiff by deed duly registered.

In April, 1867, the same lands (as is admitted) were entered by one Herrin, who took out grants for the same in May, 1869, which were registered in Macon County in October, 1872.   It is stated in the case on appeal that the defendants claim under Herrin, but it nowhere appears affirmatively that they have acquired Herrin's title.   This is an action to have the defendants declared trustees for the plaintiff and to require them to convey to him such title and interest as they may claim.   The defendants denied each allegation of the complaint and pleaded the ten years' statute of limitations and, further, that the entries under which the plaintiff claimed were lapsed and abandoned, and besides, that said entries were too vague and uncertain to give notice to a subsequent enterer or grantee.   There was no possession shown by either party.

The only issue submitted was, "Is the plaintiff the equita-

ble owner of the lands described in the complaint?" The defendants demurred to the evidence. The court instructed the jury, if they believed the above evidence, to answer the issue "Yes." Verdict and judgment accordingly, and appeal.

The exception is not very clearly stated to have been to the overruling of the demurrer to the evidence and to the instruction to the jury, but we so understand it, and it was so treated on the argument.

It was error to sustain the demurrer, or to so instruct the jury, for it nowhere appears that Herrin's title had passed to the defendants. The bare statement that they "claimed under Herrin" did not authorize the decree that the defendants "are declared trustees for the benefit of the plaintiff" of all said lands and directing a conveyance by them to him.

The registration of the Herrin grants in 1872 was constructive notice to the plaintiff and those under whom he claims, and in the absence of evidence showing that the statute did not run, by reason of coverture, infancy, etc., the plaintiff is barred by failure to take this action within ten years from October, 1872. The Code, Sec. 158.

Neither the entries of Howard or of Herrin are set out in the proof, nor admitted. They are set out in the complaint, and if in the form there stated, the entries of both parties are void for vagueness and uncertainty; but the answer specifically denies every allegation in the complaint. *Kimsey v. Munday,* 112 N. C., 816, and *Gilchrist v. Middleton,* 108 N. C., 705, relied on by the plaintiff, only bear upon the question of abandonment, as between the State and the enterer, and not upon the Statute of Limitations, between the junior grantee, who is seeking to convert the senior grantee into a trustee for his benefit, and compel a conveyance.

New Trial.

DOUGLAS, J., dissents.