McADEN v. PALMER.

·(Filed December 12, 1905).

*Entries and Grants—Registration—Statute of Limitations— Trusts and Trustees—Constructive Notice—Laches.*

1. In an action for trespass commenced in 1902, in which defendants ask to have plaintiff declared trustee of the legal title for them, where plaintiff claims under an entry laid and surveyed in 1859, grant issued in 1867, and registered in 1884, and defendants claim under an entry laid in 1854, surveyed in 1855, entry price paid in 1858, and grant issued and registered in 1896, *held,* that the defendants are barred under section 158 of The Code.

2. Section 158 of The Code covers all causes of action equitable or legal, not otherwise provided for. It bars the assertion of an equity as well as any other cause of action, unless there are circumstances which take the case out of the statute.

3. The registration of the plaintiff's grant in 1884 vested the legal title in him and was constructive notice to all the world that he claimed the land as his own.

4. If the defendants had shown possession of the land, their delay of eighteen years in suing would not have precluded them from seeking the aid of the court in converting the plaintiff into a trustee for their benefit, but as they show no such possession, they have slept on their rights too long.

ACTION by J. H. McAden, Trustee, against John Palmer and others, heard by *Judge G. S. Ferguson* and a jury, at the August Term; 1905, of the Superior Court of CHEROKEE.

This was an action to recover damages for cutting timber on certain land claimed by the plaintiff. The jury found, among other facts, that the defendants, Barnes, Williams and VanRoden, had wrongfully trespassed and asesssed the damage at $261.72. From the judgment rendered, the defendants appealed.

*Dillard & Bell* for the plaintiff.
*E. B. Norvell* for the defendants.

BROWN, J. (1) The principal question appearing upon the record, which it is necessary for us to consider, is that presented by the eighth issue: "Is the defendants' claim of equity to have the plaintiff declared trustee of the legal title for them, barred by the statute of limitations?"

The defendants claim the *locus in quo* under an entry laid by one John P. Puett, November 3, 1854. The survey was made on February 22, 1855, and the entry price paid on or before September 9, 1858. John Puett transferred his entry to D. S. Puett, who, on December 21, 1896, obtained a grant and registered it.

The plaintiff claims under entries by J. R. Dyck laid in April and May, 1859, surveyed May 27, 1859, grant issued November, 1867, and was registered June 6, 1884.

This action was commenced December 6, 1902. We think the defendants barred under section 158 of The Code, which provides that an action for relief, not otherwise provided for, must be commenced within ten years after the cause of action accrues. The learned counsel for the defendants, Mr. Norvell, admitted in his able argument that *Ritchie v. Fowler,* 132 N. C., 790, is a direct authority against him, and we are unable ourselves to distinguish between the cases. Under that authority, these defendants' cause of action accrued June 6, 1884, when the grant issued upon the Dyck entries was registered. In that case the present *Chief Justice,* speaking for the court, says: "The registration of the Herrin grants in 1872 was *constructive notice* to the plaintiff and those under whom he claims, and in the absence of evidence showing that the statute did not run by reason of coverture, infancy, etc., the plaintiff is barred by failure to take this action within ten years from October, 1872. Code, sec. 158."

Puett perfected his equity and right to call for the grant by paying to the State the purchase money in 1858, but he and his assignee, D. S. Puett, waited until 1896 before calling for the grant. During these thirty-eight years there is no evi-

dence of any possession upon the part of the defendants or of those under whom they claim. In fact, there is no evidence of possession until about 1902, when the defendants, Barnes, Williams and VanRoden, entered and cut timber upon the land.

The section (158) of The Code is so broad and comprehensive in its terms that it covers all causes of action, equitable or legal, not otherwise provided for. It bars the assertion of an equity as well as any other cause of action, unless there are circumstances which take the case out of the statute. The grant, registered in 1884, vested the legal title in the grantee. Registration has been held heretofore by this court to be constructive notice to all the world that the grantee claimed the land as his own. *Ritchie v. Fowler, supra.* "The legal title vesting in the first grantee drew the constructive possession which continued until there was an ouster." *Janney v. Blackwell,* 138 N. C., 442. The attempted ouster did not take place until 1902 (as we gather from the meagerly reported evidence), eighteen years from the registration of the plaintiff's grant. During this period, the plaintiff was exposed to an action by Puett and his assignees, and could have been converted into a trustee for their benefit, had they not slept on their rights.

The kind of trust which the defendants seek to impress upon the legal title to the land in the plaintiff is not an express trust created by the language of the parties, the terms of which were agreed to and assumed voluntarily. It is in the nature of an implied trust and requires the affirmative action of a court of equity to give it vitality. Bispham Eq., pp. 99, 125. Independently of statutes of limitation, courts of equity uniformly decline to assist a person who has slept on his rights and shows no excuse for his delay in asserting them. "Laches and neglect are always discountenanced, and, therefore, from the beginning of this jurisdiction there was always a limitation to suits in this court." *Smith v. Clay,* 3 Bro.,

Ch. 640; *Speidel v. Henrici,* 120 U. S., 387. We note this to show that the time, within which an equity will be enforced, has always been subject to a limitation independent of acts of legislation.

"That one may preclude himself by his laches from asserting a right which otherwise a court would help him enforce, there are abundant authorities to show; but to do so in any case there must be something on his part which looks like an abandonment of the right, or an acquiescence in its enjoyment by another, inconsistent with his own claim. We have searched in vain for a single instance in which the court has withheld its aid in the enforcement of an equity on the ground of the lapse of time when the party seeking it has himself been in the continued possession of the estate, to which that equity was incident." If the defendants had shown possession of this land or such acts of ownership as indicate and establish possession, their delay in suing would not have precluded them, even now, from seeking the aid of the court in converting the plaintiff into a trustee for their benefit; but as they show no such possession, they have slept on their rights too long. There being no suggestion of coverture or infancy or other disability, and no possession, we can discover no reason why section 158 should not apply to the defendants' cause of action, although equitable in its nature, as well as any other.

As between the State and himself, having paid the purchase price, Puett could call for a grant at any time. The lapse of time would not hurt him. *Gilchrist v. Middleton,* 107 N. C., 678. But, as between himself and the State's grantee for value, he must assert his equity within the time fixed by the statute or lose it. It is suggested in the defendants' brief that the decision in *Ritchie v. Fowler, supra,* will unsettle "fully one-third to one-half the land titles in Western North Carolina." While we regret this, we are not responsible for the acts of the law-making power. Statutes of limitation are

statutes of repose, and intended for the prevention of litigation and the security of titles. They are subject to the authority and wisdom of the General Assembly.

(2) It is stated in the defendants' brief that "the court erred in admitting the evidence of Hays and Keener, relative to locating any of these lands." The brief does not point out the particulars in which His Honor is alleged to have erred; nevertheless, we have examined the evidence and fail to discover any error upon the question of location of the plaintiff's grants. In the language of their counsel's brief "upon the question of location, the judge followed the law as laid down by a long line of time-honored precedents."

Affirmed.

WALKER, J., did not sit.