A. S. T. JOHNSON et al. v. EVERSOLE LUMBER COMPANY.

(Filed 27 May, 1907).

1. **State's Lands—Grant—Registration—Statute of Limitations.—**
The defendant's cause of action accrues upon the registration of
a junior grant to plaintiffs' grantor, and the ten-year statute of
limitations (sec. 158 of The Code) runs from the time of such
registration.

2. **Same—Computation of Time.—**Chapter 113, Laws of 1891, repealed
sections 136 and 137 of The Code, which exempted actions accru-
ing before 24 August, 1868, from the statute of limitations dur-
ing the time from 20 May, 1861, and 1 January, 1870; therefore,
when defendant's cause of action accrued against plaintiffs'
entry of 27 June, 1856, his equity was barred 27 June, 1866, by
the ten-year statute (Code, sec. 158).

3. **Issues.—**When every phase of the contention of the parties has
been fully presented under the issues submitted, it is not error
in the Court below to refuse to submit others.

4. **State's Lands—Aliens.—**Laws of 1852, ch. 169, sec. 3, was inap-
plicable to aliens entering Cherokee lands (Laws 1854-'55, ch.
31, sec. 18).

5. **Same—Estate Divested.—**An alien has full capacity to hold
realty until his estate be divested by an office found or some
other equally solemn sovereign act.

6. **Registered Deeds—Evidence.—**Deeds, if registered, can be put in
as evidence, when otherwise competent, even when registered
during trial.

(Closer attention of officers charged with the duty of collecting State
and county taxes is called to a not uncommon occurrence of per-
sons claiming wild lands, not in possession, escaping payment of
taxes thereon).

CIVIL ACTION, tried before *McNeal, J.,* and a jury, at
March Term, 1906, of the Superior Court of SWAIN County.
From a judgment for plaintiffs, defendant appealed. The
facts sufficiently appear in the opinion.

*Shepherd & Shepherd* and *George H. Smathers* for plain-
tiffs.

*Davidson, Bourne & Parker* and *A. M. Fry* for defendant.

CLARK, C. J.    Action for damages for cutting and removal of timber trees from two tracts of land described in the complaint.    The plaintiffs derive title by *mesne* conveyances from J. T. Foster, to whom State grants 150 and 151, issued 20 April, 1855, for 640 acres each, upon entries made by him 5 November, 1853, and surveyed April, 1854.    These grants were registered 27 June, 1856.

The defendant derives title by *mesne* conveyances from Allison & Welch, under State grant 408, for 5,000 acres (embracing the *locus in quo*), issued 26 December, 1857, upon an entry made 23 March, 1853, and surveyed 17 and 18 October, 1853.    This was registered 27 July, 1858.    The defendant asks that the plaintiffs be decreed trustees for its benefit and to convey whatever title, if any, they may have. The plaintiffs' replication pleads the bar of the ten years' statute of limitations.

If the statute of limitations is a bar to the equity set up by the defendant, it is unnecessary to consider whether the equity alleged is otherwise valid or not.    In *McAden v. Palmer,* 140 N. C., 258, where the defendants claiming, as here, under a grant junior to plaintiff's grant, but issued upon an entry prior to his, asked to have the plaintiff declared trustee of the legal title for their benefit, the Court sustained the plaintiff's plea of the statute of limitations.    The defendant's cause of action in this case accrued upon the registration, 27 June, 1856, of the grant to Foster, under which the plaintiffs claim.    The matter is so fully and clearly discussed by *Mr. Justice Brown* in *McAden v. Palmer, supra,* that it is sufficient to refer to the opinion in that case without repeating what is there so well said.    The plea of the ten years' statute upon the same state of facts was also sustained in *Ritchie v. Fowler,* 132 N. C., 790.    "The legal title vesting in the first grantee drew the constructive possession, which continued until there was an ouster."    *Janney v. Blackwell,*

138 N. C., 442.   Here there is no evidence of possession of
the lands within the bounds covered by grants 150 and 151
by the defendant, or those under·whom it claims, after the
registration of the grant to Foster in April, 1855, and its
registration in June, 1856, till the cutting of timber by the
defendant in 1900 or 1901, for which this action was begun
31 July, 1902.   Indeed, neither party was in possession nor
paid taxes.   The latter is probably a not uncommon circum-
stance as to wild lands and may well call for the closer atten-
tion of officers charged with the duty of collecting State and
county taxes.

The defendant contends, however, that the statute does not
run in favor of plaintiffs because Foster, the original grantee,
left the State in 1860, and he and those under whom the
plaintiffs claim have been non-residents ever since, relying
upon Code, ·sec. 162, now Revisal, sec. 366.   But that section
by its terms did not apply to causes of action accrued prior
to 24 August, 1868.   *Blue v. Gilchrist,* 84 N. C., 239.

It is true.that this claim, having accrued 27 June, 1856,
was governed by the ten years' statute of presumptions (R.
C., ch. 65, sec. 19; *Campbell v. Brown,* 86 N. C., 376), and
that Code, sec. 136, provided that the limitations in The
Code should not apply to causes of actions accrued prior to
24 August, 1868, and section 137 suspended the statute of
limitations and presumptions from 20 May, 1861, to 1 Jan-
uary, 1870.   The ten years' statute of presumptions expired,
therefore (eliminating· 8 years, 7 months, 10 days), on 9
March, 1875, and there was no evidence to rebut the pre-
sumption.   Chapter 113, Laws 1891, repealed sections 136
and 137, *i. e.,* it repealed the exemption of actions accruing
before 24 August, 1868, from the statute of limitations and
repealed the suspension of time between.20 May, 1861, and
1 January, 1870, so that the defendant's equity was really
barred since 27 June, 1866.   *Alexander v. Gibbon,* 118

N. C., 802. It did not repeal the proviso of Code, sec. 162, which is not a statute of limitation, but merely prevents the statute of limitation protecting a non-resident as to causes of action accruing since 24 August, 1868. There is no reference to section 162 in the repealing statute, Laws 1891, ch. 113, whose object was to extend the protection of the statute, not to withdraw it. Every phase of the contention of the parties was fully presented by the two issues submitted, and it was not error to refuse to submit others. *Wilson v. Cotton Mills,* 140 N. C., 57, and cases there cited.

If, as defendant contends, Foster was an alien, the law at that time applicable to Cherokee lands (which this was) did not debar aliens (Laws 1852-'53, ch. 169). The general land law did not apply to these lands, as was expressly provided by section 18, chapter 31, Laws 1854-'55. But even if an alien was prohibited from entering these lands, the State only could divest his title, for "an alien has capacity to take but not capacity to hold land; * * * he cannot hold it against the sovereign, should the sovereign choose to assert his claim thereto, as forfeited. But against all the rest of the world the alien has full capacity to hold, and he can hold even against the sovereign until the estate of the alien be divested by an office found or some other equally solemn sovereign act." *Rouche v. Williamson,* 25 N. C., 146; *Wilson v. Land Co.,* 77 N. C., 457.

Whether the first probate of the deed from Wilson to Wilson and Roller was valid, the second probate and registration thereunder was sufficient, and, though made after suit begun, entitled the deed to be used as evidence. The act of 1885 makes deeds valid only from registration against purchasers and creditors—which these defendants are not. Deeds, if registered, can be put in evidence, when otherwise competent, even when registered during the trial.

There are other exceptions, but they do not require discussion.

No Error.