S. P. PHILLIPS et al. v. BUCHANAN LUMBER COMPANY et al.

(Filed 23 December, 1909.)

1. **State's Land—Assignment of Entry—Fraud—Registration—Purchasers for Value—Notice.**

   An assignment, though procured by fraud, of an entry upon the State's vacant and unappropriated land does not *per se* raise a presumption of fraud, and the recorded certificate thereof and of the entry cannot affect subsequent purchasers for value without notice or knowledge of the fraud.

2. **Same—Trusts and Trustees—Limitation of Actions.**

   The plaintiffs, as heirs at law of an original enterer upon the State's vacant and unappropriated lands, brought suit to declare

defendants trustees for them, alleging, and establishing by the verdict of the jury, that the one under whom defendants derived title had fraudulently procured an assignment of the entry of their ancestor, which was duly recorded. It appeared that defendants were purchasers for value and without notice in a line of grantors, also purchasers for value without notice, under conveyances duly recorded, for a period of more than seventeen years. The facts being uncontradicted, *held*, as a matter of law, plaintiffs' action to have defendants declared a trustee was barred after a lapse of ten years from the date of the grant to the time of the commencement of the action. Revisal, 399.

APPEAL by plaintiff from *Ferguson, J.,* September Term, 1909, of GRAHAM.

The facts are stated in the opinion of the Court:

*Morphew & Phillips* and *A. M. Fry* for plaintiff.
*A. S. Barnard* for defendant.

CLARK, C. J. The complaint alleges that in 1853 S. P. Sherrill, the ancestor of the plaintiffs, entered the land, had it surveyed and paid the State part of the purchase money; that Sherrill died, and in 1886 Sherrill's son-in-law, one I. J. Slaughter, by fraud and a promise to hold the lands for the heirs of Sherrill, procured a certificate from the entry taker of Graham County, where the lands lay, that he was the assignee of Sherrill; that upon presentation of said certificate to the Secretary of State a grant was duly issued to said Slaughter, 13 October, 1886, and recorded in Graham County, 18 December, 1890. I. J. Slaughter conveyed the land to R. B. Slaughter; he conveyed to Lewis Thompson & Co., who sold to the Thompson-Canby Lumber Company, who in turn sold to James Charles, C. E. Boyd and George Belcher, who conveyed to the Buchanan Lumber Company, who conveyed to the Whitney Manufacturing Company.

This action is against the two defendant companies last named and I. J. Slaughter, to have them decreed trustees for the plaintiffs, heirs at law of Samuel P. Sherrill, for one-half of said tract. The jury found that I. J. Slaughter procured the certificate of the assignment of the entry by fraud, but that each and every of the successive grantees of land above named took without notice of the fraud.

These successive deeds were all duly recorded. The plaintiffs admit, in their brief, that these subsequent grantees were all purchasers without notice, but contend that they were fixed with constructive notice of the fraud, because by tracing the title back they would have seen that the grant was issued to Slaughter upon the certificate of an assignment of the entry. But such

assignment is not *per se* presumption of fraud; and if the grantees had traced their title back to the grant, they would have found duly recorded the certificate of the entry taker of Graham County: "I do hereby certify that it appears, from information before me, that I. J. Slaughter is the assignee of Samuel P. Sherrill, deceased, and that grant for the within No. 2500 should issue in his name. This 20 August, 1886. N. G. Phillips, entry taker for Graham County."

This action was begun 17 March, 1908. There had been an action begun 22 March, 1907, in which a nonsuit was taken. The defendants (except I. J. Slaughter, who did not resist judgment) were purchasers for value and without notice, from a line of grantors, also purchasers for value and without notice, under conveyances duly recorded. The defendants pleaded the ten-years statute, the grant to Slaughter having issued more than twenty years and having been recorded more than seventeen years before this action was begun; and the action, in which nonsuit was taken, was begun less than a year prior to the institution of this.

Upon the issue on the statute of limitation the court instructed the jury to answer it "No" as to Slaughter, but that they need not answer it as to the other defendants, for they did not have notice and the plaintiffs did not have an interest in the land. He so found and adjudged in the judgment. As the facts are uncontradicted, this was a matter of law, though the judge, if so disposed, might have directed the jury to answer the issue "Yes" as to the other defendants. Revisal, sec. 399. An action to have a party declared a trustee is barred by ten years. *Johnston v. Lumber Co.,* 144 N. C., 717; *Norcum v. Savage,* 140 N. C., 472; *McAden v. Palmer,* 140 N. C., 258; *Ritchie v. Fowler,* 132 N. C., 788; *Norton v. McDevit,* 122 N. C., 759. An enterer of Cherokee lands is barred by ten years from the registration of the grant to another. *Frasier v. Gibson,* 140 N. C., 272.

Besides, a purchaser for value from one whose deed was procured by fraud gets a good title if he has no notice of the fraud. *Odom v. Riddick,* 104 N. C., 515, and cases there cited. Even a purchaser with notice of the fraud from an innocent purchaser without notice gets good title. *Glenn v. Bank,* 70 N. C., 205; *Fowler v. Poor,* 93 N. C., 466.

His Honor properly instructed the jury that, if they believed the evidence, the plaintiffs were not equitable owners of the land nor entitled to have the defendants declared trustees for their benefit.

The other exceptions require no discussion.

No error.