MARGARET SLUDER v. WOLF MOUNTAIN LUMBER COMPANY.

(Filed 9 March, 1921.)

**1. Deeds and Conveyances—Seals—Presumptions.**

Where a deed acknowledged before a commissioner of affidavits in another State, conveying lands here, does not show the affixing of the commissioner's seal on the record, but this fact is recited in the conveyance, the seal will be presumed, and the validity of the deed will be upheld, nothing else appearing to the contrary.

**2. Clerks of Court—Deeds and Conveyances—Fiat—Statutes.**

The statutory provision for the fiat of the clerk of the Superior Court for the registration of a deed to lands is directory and not mandatory, and its omission will not invalidate the instrument if it is shown that it has been registered after proper probate.

**3. Statutes—Deeds and Conveyances—Defective Probate.**

A deed made prior to the enactment of ch. 204, Laws of 1913, at the special session of the Legislature, is validated by the statute, as against the heirs of the grantor, when the deed is in the defendant's chain of title, and the plaintiff, objecting to its introduction in evidence, claims no right or title thereunder.

**4. Statutes—Wills—Defective Probate.**

A will probated in another State requiring only the examination of one witness, and there are two witnesses thereto, is cured by our statute, ch. 142, Laws 1913 (special session), the same being a defective probate, and not a defect in its execution.

**5. Constitutional Law—Statutes—Wills—Defective Probate.**

An act of the Legislature which cures previous defects in the probate of a will, and not in its execution, does not impair vested rights of the heirs at law of the grantor, and is constitutional.

APPEAL by plaintiff from *Bryson, J.,* at the May Term, 1920, of JACKSON.

"1. Is the plaintiff, Margaret Sluder, the owner of the land described in the complaint? Answer: 'No.'

"2. Are the defendants, the Wolf Mountain Lumber Company, George H. Smathers, trustee, the owners of the land embraced in State Grant No. 290, to J. T. Foster, as alleged in the answer? Answer: 'Yes.' "

At the conclusion of the evidence the court directed the jury to answer the issues "No," and rendered judgment for the defendant. Plaintiff appealed.

*J. G. Merrimon and A. Hall Johnston for plaintiff.*
*E. C. Ward for defendant.*

ALLEN, J. This action involves the title to a tract of land containing 424 acres lying in the county of Jackson, and described in the complaint. The plaintiff introduced the following chain of title: Deed from P. G. Bowman to Nelson B. Gowan, dated 25 May, 1880. Thence deeds and a will connecting the plaintiff with Nelson B. Gowan. The plaintiff then offered, for the purpose of showing a cloud upon her title and as estoppel as against the defendants, a deed from Nelson B. Gowan to F. P. Hooper, dated 17 October, 1896, for one-fourth interest in this land, and then a deed from W. A. Henson, sheriff, to F. P. Hooper, dated 20 June, 1901, for three-fourths interest; thence subsequent deeds connecting the defendants with Nelson B. Gowan. The plaintiff then rested.'

The defendant then offered State Grant No. 290, to John T. Foster, dated 9 October, 1856; deed from John T. Foster to Robert L. Dashiell, dated 26 November, 1856; will of Robert L. Dashiell, devising the property to Mary J. Dashiell, his widow, exemplified copy of which was recorded in Jackson County, July 27, 1917; deed from Mary J. Dashiell to defendant, George H. Smathers, dated 23 September, 1908, and then deeds to the Wolf Mountain Lumber Company.

The plaintiff insists that the deed from Foster to Dashiell was never properly probated. This exception cannot be sustained. The acknowledgment of the deed was taken before a commissioner of affidavits of North Carolina for the State of Maryland. No seal appears on the record, but the commissioner recites his official seal, and the same is, therefore, presumed. *Johnson v. Eversole Lumber Co.,* 144 N. C., 717; *Heath v. Cotton Mills,* 115 N. C., 208. However, the statute in force in 1856, the date of the acknowledgment in question, did not require the certificate of acknowledgment made by commissioner of affidavits to be under seal. Revised Code, ch. 21, sec. 2; *Johnson v. Duvale,* 135 N. C., 642; *Johnson v. Lumber Co.,* 144 N. C., 717.

There is no order of the clerk of the Superior Court of Jackson County ordering this deed to registration. We do not think this invalidates the registration. It has been, in effect, held that the fiat for registration is not absolutely essential. The statutory provision for such an order is directory and not mandatory. If the deed be in fact registered after proper probate, the lack of a fiat does not invalidate the registration. *Holmes v. Marshall,* 72 N. C., 37; *Young v. Jackson,* 92 N. C., 144; *Darden v. Steamboat Co.,* 107 N. C., 437; *Hiawassee Lumber Co. v. U. S.,* 288 U. S., 553.

But in any event the probate or registration of this deed is validated by ch. 204, Public-Local and Private Laws of North Carolina, extra session 1913. It is true this statute "is valid as against creditors or purchasers for value from the donor, bargainor, or lessor named in such

deed only from the ratification of this act." The act. was ratified 11 October, 1913. The plaintiff does not claim under the said deed, and derives no title by any other conveyance from the grantor in said deed.

It is contended "that the court erred in admitting the will of Robert L. Dashiell, for that the same was not properly probated, and was not properly recorded in the State of North Carolina."

We are of opinion that the probate of the will in the State of Maryland was insufficient to pass title to land in the State of North Carolina. The will was dated 28 December, 1877. The witnesses were John M. Phillips and David Terry. David Terry testified that he saw the said testator sign and seal the said annexed writing, and heard him publish, pronounce, and declare the same as and for his last will and testament. That at the time of the doing thereof the said testator was of sound and disposing mind, memory, and understanding so · far as this deponent knows, and as he verily believes; and John M. Phillips, the other subscribing witness thereto, was present at the same time with this deponent, and together with him subscribed his name thereto as a witness in the presence of the testator and of each other, at the request of the testator.

There is no evidence that the other witness is dead or beyond the State, or that his testimony cannot be procured. The probate fails to comply with our statute, but we think it is cured by the curative act, ch. 142, Public-Local and Private Laws, extra session 1913. This act contains the following provision, viz.: "That this act shall not apply to pending suits or vested interests, and nothing herein shall be construed to prevent such wills from being impeached for fraud."

This will devises the property to Mary J. Dashiell, under whom the defendants claim by deed dated 23 September, 1908. The plaintiff claims also under the heirs at law of Robert L. Dashiell, by deed dated 14 May, 1917, some time after the act was ratified. We cannot see that the plaintiff had any vested interest in the land at the time of the ratification of the act. She certainly had none from the heirs of Dashiell, because her deed was dated some years afterwards. In our opinion, she had no vested interest derived from Nelson R. Gowan, because it is not shown that he had any title to the land in 1880.

If the will had been defectively *executed,* as if it had one witness instead of two, or if for any reason void, the rights of the heirs could not be affected by subsequent legislation, because this would be to make a will for one who died intestate, but curing a defect in the probate of a will, executed in accordance with our statutes, stands upon an entirely different footing, and if the power cannot be exercised, then all of the legislative acts validating probates of wills are void, because wills are probated after death, and the interest of the heir has then accrued.

SLUDER *v.* LUMBER Co.

The question is, however, foreclosed by the unanimous opinion of the Court in *Vanderbilt v. Johnson,* 141 N. C.; 370, which has been approved in *Weston v. Lumber Co.,* 160 N. C., 268, and *Vaught v. Williams,* 177 N. C., 82.

In the *Vanderbilt case* the Court states the facts and its conclusion as follows: "In deraigning his title, the plaintiff offered in evidence the will of John Strother, dated 22 November, 1816. The will is attested by two witnesses, but was admitted to probate in Tennessee upon the testimony of one only. The General Assembly of North Carolina, at its session of 1885, enacted an act to cure the defects in the probate of this will, and to ratify and validate the orders of the probate courts of this State in regard thereto. Private Laws 1885, ch. 52. The referee held that the act 'has not the effect to cure and make valid the probate of said will.' In this we think there is error. We are of opinion that the act is valid and effectual for the purpose for which it was enacted. . . . The defendants do not claim under a deed executed by the heirs at law of John Strother, before the passage of the act, and therefore no vested right intervenes. Legislation validating the probate of deeds, curing defects in privy examinations of married women and the like, has been very common in this State, and has been uniformly upheld."

This case is exactly like the one before us, and, instead of being overruled, it has been twice affirmed on the point now under discussion.

In *Weston v. Lumber Co., supra, Walker, J.,* while discussing the effect of curative acts, says: "The statutes are highly remedial, and should be liberally construed, so as to embrace all cases fairly within their scope. It is constructive legislation; we are saving titles, and not destroying them. It has been said that 'such acts are of a remedial character, and are the peculiar subjects of legislation. They are not liable to the imputation of being assumptions of judicial power.' *McFaddin v. Evans Co.,* 185 U. S., 505. It was further held that to validate defective probates and registrations is a proper exercise of legislative power and favored by the courts."

In the *Vaught case* a curative act was considered, and its effect upon the heirs, who claimed that their interests were vested, and could not be disturbed by subsequent legislation. The decision was against the contention of the heirs, and in the course of the opinion the Court quotes from *In re Patterson,* 132 A. S. R., 126, that, "The heirs had no vested right to have this law forbidding the probate of such wills continued in force. Their right to the estate of the ancestor was given by statute, and it was contingent upon the fact of there being no will in existence which could be proved"; and from *West Side Belt Co.,* 219 U. S., 92: "In *Watson v. Mercer,* 8 Pet., 88 (8 L. Ed., 876), such an act was sustained against a charge that it divested rights and impaired the obliga-

tion of a contract. The act considered made valid the deeds of married women which were invalid by reason of defective acknowledgments, and avoided a judgment in ejectment rendered against one of the parties to the action because of such a defect in a deed relied on for title. The controversy was between the successor by descent of the married woman and the grantee in the deed. It was said in the argument that the descents had been confirmed by two judgments of the Supreme Court of the State against the deed, adjudicating it to be void on points involving its validity, which judgments, it was contended, were conclusive evidence that the deed was no deed, and that the rights acquired by descent were absolute vested rights. The act was nevertheless sustained, as we have stated," and from 6 R. C. L., 315, that, "The heirs have no vested right in having any law relating to a pending probate continued in force."

The proviso in the act of 1913 to the effect that the act shall not apply to "vested interests" does not affect the result, as we have seen the heirs had no vested interests.

The judgment is

Affirmed.

NOTE. This opinion was written by *Brown, J.*, at last term, except that part discussing the effect of the curative act.