Pearson, J.
 

 The question is, was the probate of the deed, which purports to have been executed by the Virginia and North Carolina Lumber and Planing Company and Thomas S. Gholson, duly taken, so as to authorise its registration ? This depends upon the power of the clerk of the county court to take the probate.
 

 “ The clerks of the several courts of pleas and quarter ses
 
 *403
 
 sions shall have authority, in their respective counties,
 
 to
 
 take the probate, or acknowledgement of deeds of trust, or mortgages, at any time,
 
 in as full a manner
 
 as their respective courts can, or may do.” Bev. Stat. 37th ch., 25th sec. By the act of 1852, 133d ch., the same provision is made in respect to the probate of all deeds which are required to be registered, except the deeds of
 
 femes (¡overt.
 

 The several courts of pleas and quarter sessions are author-ised to take the probates of all deeds which are required to be registered, in their respective counties. "When the grant- or, or the witnesses, are beyond the limits of the State, the deed may be acknowledged, or proved before the commissioner appointed by the Governor, and such deed, with the certificate being exhibited to the court of pleas and quarter sessions where the property is situate, shall be ordered to be registered.
 

 Probate of a deed is taken by hearing the evidence touching its execution; i. e. the testimony of witnesses, or the ac-knowledgement of the party, and from that evidence
 
 actgu&g-i/ng the fact
 
 of its due execution. Where the evidence is offered to the court, the entire probate is taken by it, but where the agency of a commissioner is resorted to, a part of the probate, i. e. hearing the evidence, is taken by him, and certified to the court, and thereupon the probate is perfected by an adjudication, that the certificate is in due form, and that the fact of the execution of the deed is established by the evidence so certified.
 

 By the statute, above referred to, the clerk is authorised to take the probate of deeds in as fulla manner, as the court can, or may do; and as the court can either take the entire probate, or perfect the probate which has been in fact taken by a commissioner, it follows that the clerk can do so, likewise.
 

 It was insisted in the argument, that the power of the clerk is confined to taking entire probates, and that he cannot take the probate where the evidence is furnished by the certifiate of a commissioner. This inference is drawn from the use of the word
 
 s
 
 to take
 
 ths prolate,
 
 or acknowledgement,” but we
 
 *404
 
 cannot accede to its correctness; and believe the construction contended for, is too narrow, and that the true construction confers upon the clerk full power to take the
 
 probate
 
 for the purposes of registration, as well in the one manner, as the other. Erom a perusal of the whole chapter it is obvious that there is much want of precision in the use of words; sometimes, “take the probate or acknowledgement” is used in the sense of “ taking the proof,” e. g. “ before whom the deed shall be
 
 proved
 
 or
 
 aclmowledged.”
 
 At others, it is used in the sense of taking “the probate,” which, as we have seen, consists of the two acts, of taking the evidence, and adjudicating thereon the fact of due execution. It is clear that the words are used in the latter sense, in the section under consideration.
 

 Pee CubiaM. There is error.
 
 Venire de novo.