R. J. HOLMES *v.* JOSEPH MARSHALL.

The provision of the law, which requires the certificate of probate, made by the Probate Judge of a county other than that in which the instrument is to be registered, to be passed on by the Probate Judge of the latter, is only directory, and a registration, upon a probate, which has not been so passed upon, is valid

(*Brooks* v. *Radcliff*, 11 Ired., 321; *Woodley* v. *Gilliam*, 66 N. C. Rep. 649; *State* v. *Robbins*, 6 Ired., 23; *Latham* v. *Bowen*, 7 Jones, 337; *Starke* v. *Etheridge*, 71 N. C. Rep. 240; *Jones* v. *Ruffin*, 3 Dev. 404, cited and approved.)

CIVIL ACTION, for damages, tried before *Buxton, J.*, at Fall Term, 1874, STANLY Superior Court.

All the facts necessary to an understanding of the case are set out in the opinion of the Court.

*McCorkle* and *W. J. Montgomery*, for appellant.
*Bailey* and *S. J. Pemberton*, contra.

RODMAN, J. On 6th July, 1871, certain persons conveyed to the plaintiff certain goods, the conversion of which by the defendant is the subject of the complaint, by a deed in trust to secure certain debts, owing by the grantors, to the plaintiff. The grantors, at the time of making the deed, resided in Stanly county, and the goods were then in that county. The deed was proved in due form before the Probate Judge of Rowan county, who certified thereto under his official seal, and was registered by the Register of Stanly county, on 5th of April, 1872, on said certificate, which had not been presented to, or passed on by, the Probate Judge of said county of Stanly. The defendant was sheriff of Stanly county, and by virtue of executions against the grantors in the deed, seized and sold the goods, which is the conversion complained of.

The Judge, before whom the case was tried, held, in effect, that the deed was invalid against the creditors of the grantors, for want of an authorized registration. The question is, whether the Register of Stanly county was justified in registering the deed upon the certificate of probate and *fiat* from the Probate Judge of Rowan county, or does the law require that the deed with the certificate of probate, should have been presented to, and passed on, by the Probate Judge of Stanly county, and a *fiat* for registration made by him, before it could be lawfully registered.

The defendant admits that the deed was lawfully *proved* before the Probate Judge of Rowan, and we conceive that to be so, under the act of 1868–'69, chap. 277, sec. 15, which expressly enacts that any instrument, requiring registration, "must be offered for probate before the Judge of Probate of *any* county of this State."

He contends, however, that although it was lawfully proved, yet if there was no authorized *fiat* for its registration, the registration would be a nullity; and that consequently the registration is void for all purposes. The question is an important one in practice.

I. How is it affected by statute? We have made a careful

examination of the numerous, and somewhat obscure, original acts, which are compiled together as if they were but one act, in chap. 35, of Battle's Revisal.

It would be of little use to present here an abstract of those acts, with remarks on their provisions. We think that any who will repeat the process, will find that the following are the results:

1. The Probate Judge of Rowan had jurisdiction to take *probate* of the deed in question. Act of 1868–'69, chap. 277, sec. 15, (Bat. Rev. ch. 35, sec. 2,) amending C. C. P., sec. 429.

2. There is no act of Assembly *expressly* authorizing the Probate Judge of Rowan to make a *fiat* for the registration of a deed or other instrument in Stanly county, or expressly authorizing the Register of Stanly to register a deed, &c., on such probate.

3. There is no act which *expressly* requires a deed in trust or mortgage of personal property (as the deed here is) proved before the Probate Judge of Rowan, to be presented to, and passed on, by the Probate Judge of Stanly, before or in order to its registration.

4. There are acts which require that when the probate of deeds, &c., of certain classes, is taken before a Probate Judge, other than that of the county in which the deed is required to be registered, the certificate of probate shall be presented to, and passed on, by the Probate Judge of the latter county, who shall make an order on which it shall be registered.

The acts, by their terms, are confined to deeds for land, deeds from married women, and deeds proved under a commission. It might seem from section 22, of Battle's Revisal, that they had a more extensive effect. But this section is compiled from chap. 185, of the act of 1869–'70, which relates only to deeds of non-residents proved under a commission, and its location in a compilation cannot alter its original meaning.

II. We prefer, however, not to put our decision of this case on the narrow ground, that it is perhaps the solitary exception to the general legislation for the registration of instruments.

Assuming that the provision which applies, in most cases, applies to this also, the question is presented. whether the provision is *imperative*, or merely *directory*. Not whether it ought to be observed,—for every expression of the legislative will ought to be observed,—but whether its observance is so essential a part of the legislative policy, that its non-observance will invalidate the registration? This legislation is so recent that there is no authority either way, and the question must be answered on general principles, and a comparison of analogous cases.

The distinction between imperative statutes, and those which in whole, or in part, are directory merely, has long been established, and is familiar. Sedgwick Stat. and Const. Law, 368, where numerous examples are given. Probably it is impossible to frame an *universal* rule to distinguish one class of provisions from the other, and we shall not hazard the attempt. But perhaps it may be said sufficiently for the present purpose, that, when the act, directed to be done, is necessary to accomplish the apparent object of the legislation, it is essential ; but if the whole object can be accomplished, even if the act directed, be not done, then the provision requiring it, is directory, merely, and it will not be permitted that the main object shall be defeated by an omission of any collateral and unessential form.

Thus if a sheriff fails to advertise a sale under execution, as by law he is required to do ; the sale is nevertheless valid. *Oxley* v. *Mizle*, 3 Mur. 250 ; *Brooks* v. *Radcliff*, 11 Ire., 321 ; *Woodly* v. *Gilliam*, 66 N. C. 649. A minister or justice is forbidden to marry a couple without a license having been first procured ; nevertheless the marriage if performed, is not void. *State* v. *Robins*, 6 Ire., 23. Lord Mansfield indicates this rule in *Rex.* v. *Loxdale*, 1 Burr. 447.

The object of the registration of deeds, &c., is evidently to notify the public of their existence. (*See Latham* v. *Bowen*, 7 *Jones*, 341.) If that be the sole object, why may they not be registered upon presentation to the Register by any party,

without any probate at all? We conceive the reason to be this. If no probate by oath were required, it would probably happen that many false and unreal deeds, &c., would be registered, and the public would have no probable ground to believe in the genuineness of any of them. The probate of a deed is always *ex parte :* it is not conclusive : it need not be registered with the deed : *Starke* v. *Etheridge,* 71 F. C., 240. It may be made by an incompetent witness, and yet the registration will be valid : *Jones* v. *Ruffin,* 3 Dev. 404. *McKinnon* v. *McLean,* 2 D. & B. 79. *Starke* v. *Etheridge ubi supra.* The registration of a deed has no conclusive force except as a notice.

Every apparent object of the laws requiring registration, can be accomplished by a registration upon a probate before any officer competent to take probate.

The law authorizes every Probate Judge in the State to take probate of any deed. It says that his certificate of probate shall be passed on by the Probate Judge of the county in which the deed is required to be registered before its registration. But it does not say that the registration shall be void unless it is so passed on. It seems to be established, that in general, an affirmative statute is merely directory. *Rex* v *Inhabitants of Birmingham,* 8 B. & C. 29–35 (*E. C. L. R.*) *Cole* v. *Green* 6 *Man. & Granger,* 872. (4 6 *E. C. L. R.*) *Sedgwick,* 370.

No reason occurs to us, why the Probate Judge of Rowan, being by statute competent to pass on the sufficiency of the probate of all deeds required to be registered in his own county, should not be equally competent to pass on the sufficiency of the probate of those to be registered in other counties.

It would seem that a power to take probate, naturally carries with it as an incident, a power to order registration. By an act of Assembly before the Revised Statutes, and which may be found in the Revised Code, chap. 37, sec. 2, Judges of the Supreme and Superior Courts were authorized to take probate of deeds. It is well known, that the invariable practice was, to add to the certificate of probate a *fiat* for registration, which

was obeyed by the Register of any county in which the deed was offered for registration, without having been passed on by the Clerk of the County Court, who was the general probate officer of the county. Many estates rest on registrations of this sort, and they were never questioned. But they could only have been valid on the idea above stated, that the power to order registration was an incident to the power to take probate. We cannot think that the legislature intended to change this settled practice by indirection; by a simple affirmative statute directing an additional ceremony. If it had intended to make every registration void, except on the *fiat* of the Probate Judge of the county of registration, it would have said so plainly.

There are other reasons against construing this provision of the registration acts rigidly, according to their literal import. They seem to consider the probate of a deed as an adjudication of its due execution. It is almost certain that the legislature never intended this with its consequences. If an adjudication at all, it would be *in rem*, and conclusive on all the world, which could never have been intended.

We conclude that the provision requiring the certificate of probate by the Probate Judge of a county other than that of registration, to be passed on by the Probate Judge of the county of registration, is *directory*, and that a registration upon a probate which has not been so passed on, is not void.

PER CURIAM.      Judgment reversed, and *venire de novo.*