W. M. DARDEN et al. v. THE NEUSE & TRENT RIVER STEAM-
BOAT COMPANY.

*Lease—Probate—Registration—Acknowledgment—Privy Examination—Clerk of the Superior Court—His Power to Order Registration in Another County—His Certificates—The Code—Evidence—Hearsay—Mandatory and Directory Statutes.*

1. In an action for some cotton, or the value thereof, by lessors, who were the executor and executrix of the deceased landowner, and residing in different counties, they offered in evidence a lease for lands located in another county, acknowledged by the executor before the Clerk of the Superior Court of the county where he resided, and acknowledged again by him, and also by the executrix and lessee, after the bringing of this action, the executrix having become a *feme covert* since her execution of the lease, and her husband not becoming a party to any of the acknowledgments. There was no certificate of the Clerk of the county where the executor resided, as required by section 1246 of *The Code*, subsection 2: *Held* (1) there was a valid registration, and the lease was rightly admitted in evidence; (2) the proof of instruments ordinarily prescribed for those executed by *married women* is not required for the registration of a lease executed before, but acknowledged after coverture: (3) it was not essential that the acknowledgments should have been taken respectively in the counties where the grantors respectively resided.

2. Where it appears that the Clerk appended to a lease offered for registration his certificate, it will be presumed, nothing to the contrary appearing, that it was in due form.

3. It is not essential to the validity of registration of an instrument proved in another county that the Clerk of the county where the land lies should have adjudged that it had been duly acknowledged and proved in the same manner as if taken before him.

4. It is not necessary that a married woman should be privily examined as to the execution by her of a lease for land as executrix under the will of a former husband, and when she was a *feme sole.*

5. The power to take probate carries with it the power to order registration.

6. When an acknowledgment or proof of the execution of a deed, or other instrument required or allowed to be registered, is taken by any other officer than the Clerk of the Superior Court of the county where the land lies, it is not essential to the validity of registration that the latter should add an adjudication, or order of registration to the certificate and *fiat* of the officer taking the probate.

7. The provisions contained in the last sentence of section 1246, subsection 2, that the Clerk of the Superior Court of the county where the land lies shall pass upon the acknowledgments taken before other Clerks and officers named therein, is not mandatory but directory.

8. The original papers in a case lately pending in the Superior Court are admissible as primary evidence if properly identified.

9. What the custodian of such papers said to another witness identifying them is hearsay.

This was a CIVIL ACTION, tried at September Term, 1890, of CRAVEN Superior Court, before *Womack, J.*

The complaint and answer were as follows:

"The plaintiffs, complaining, allege—

"1. That they are the owners and entitled to the immediate possession of four bales of lint cotton, marked 'J. J. B.'

"2. That the defendant wrongfully withholds the possession thereof.

"3. That they have demanded possession thereof of the defendant, and it has refused to deliver the same.

"4. That the value of said property is about one hundred and eighty dollars, and they are endamaged that sum by reason of said wrongful detention, whereof they demand judgment: (1) for the possession of said property; (2) if possession cannot be had, for its value, to-wit, one hundred and eighty dollars; (3) for costs of this action."

The answer denied each article of the complaint *seriatim*.

There are two assignments of error in the record, the first growing out of the admission of a certain lease as evidence; the second out of the exclusion of the record of another suit lately pending in the Superior Court of Lenoir County.

Hattie D. Kennedy and W. M. Darden, executrix and executor of O. H. Kennedy, deceased, on the __ day of December, 1884, executed a certain lease for a tract of land therein described, for the purpose of cultivation as a farm for a term extending from the date of its execution to the first day of January, 1889, to one C. P. Davis, who stipulated, on his part, to pay for said land an annual rent of one thousand dollars. This is a controversy as to the ownership of certain cotton alleged to have been raised on said land when cultivated under said lease.

The probates, or proofs of execution on the said lease, were as follows: On the 10th of May, 1889, the said W. M. Darden acknowledged the execution thereof before D. M. Patrick, Clerk of the Superior Court of Greene County, North Carolina. On the 6th day of May, 1889, Hattie D. Borden, formerly Hattie D. Kennedy, acknowledged the execution thereof before A. T. Grady, Clerk of the Superior Court of Wayne County, North Carolina. And on the 14th day of May, 1889, the said W. M. Darden, C. P. Davis and Hattie D. Borden, formerly Hattie D. Kennedy, appeared before E. W. Bizzell, Clerk of the Superior Court of Lenoir County, North Carolina, and acknowledged the execution of the said

lease, and upon a certificate to that effect said lease was registered on the 14th day of May, 1889.

The said Hattie D. Borden, during the year A. D. 1889, at the time of making said acknowledgments, was the wife of W. H. Borden, and said W. H. Borden was not a party to any of said acknowledgments or proofs. The lands described in said lease were situated in Lenoir County, and the lessors, at the time of the acknowledgments of the execution of said lease, did not reside in Lenoir County, but did reside respectively in Wayne and Greene counties.

There was no certificate of the Clerk of the Superior Court of Greene County adjudging the said lease to have been duly acknowledged or proved, in the same manner as if taken or made before him, as required by section 1246 of *The Code*, subsection 2.

The defendant objected to the lease being read—

1. Because said lease being for more than three years, the same was required to be registered, and it was not registered at the commencement of this action, nor until the term established by said lease had expired.

This objection was overruled, and the defendant excepted.

2. Because the lease was not legally proved and registered— (1) Because at the times of said acknowledgments by the said Hattie D. Borden, she was a married woman, and the probate, or acknowledgment, was not such as is required by law for *femes covert*. Objection overruled, and exception by defendant. (2) Because the said Hattie D. Borden and W. M. Darden did not reside in Lenoir County, and the acknowledgment by them before the Clerk of the Superior Court of Lenoir County was not legal. This objection was overruled, and the defendant excepted. (3) Because, as to the acknowledgments of said Hattie D. Borden in Wayne County, and said W. M. Darden in Greene County, there were no findings or judgment by the Clerk of the Superior Court of Lenoir County that said lease was acknowledged

in the same manner as if made before him, and order of registration of the certificates, etc., etc., as required by *The Code*, § 1246, subsection 2.  Objection overruled, and defendant excepted.   Whereupon, the lease, against the defendant's protest, was read to the jury.

C. P. Davis was introduced as a witness for the plaintiffs, and testified that he was a party to the contract, or lease; that the cotton seized was raised on that land; that he was in possession of the land under the lease as tenant of the plaintiffs, and that the rent and advances for that year, due to the plaintiffs, have not been paid.

D. E. Perry, a witness for the defendant, testified that he had heard W. H. Borden, who was acting as the agent of the plaintiffs, say that he had agreed with one Hardy Loftin that this action should abide the result of an action then pending in the Superior Court of Lenoir County, wherein these plaintiffs and one Œttinger were defendants, and heard him say the Œttinger case was found against the plaintiffs, said suit being of like nature with this action.

The witness then produced what purported to be the original papers and judgment-roll in the case of plaintiffs against Œttinger, hereinbefore referred to, lately pending in the Superior Court of Lenoir County, and the defendant asked witness, "Where did you get these papers?" the object being to show that the Clerk of the Superior Court of Lenoir County gave the witness the papers as the original papers in said case, which they purport to be, and having thus identified them, defendants proposed to introduce the papers in evidence to show that the plaintiffs had agreed that they would be bound in this action by, and agree to take nothing by this writ, if the referee appointed in that action should decide in favor of Œttinger.  The plaintiffs objected to the question, and to the introduction of said record in evidence, upon the grounds— .

1. That the witness could not identify the records of the Superior Court of Lenoir County.

2. That the records could not identify themselves.

3. That the original papers and true record should not be offered in evidence, but that a transcript, properly certified, should alone be offered.

Objection of the plaintiffs sustained, and exception by defendant.

The jury found the issues in favor of the plaintiffs.

Motion for new trial by defendant on the grounds mentioned in the assignment of error. Motion refused. Defendant appealed.

*Messrs. W. W. Clark* and *C. Manly*, for plaintiffs.
*Mr. M. D. Stevenson*, for defendant.

Avery, J.—after stating the facts: We do not think that it is necessary to determine whether the acknowledgments by both of the lessors before the Clerk of the Superior Court of Lenoir County, where the land was situate, was a sufficient compliance with the registration laws (*The Code*, § 1246, and the subsections) to make the registration valid. W. M. Darden, a resident of Greene County, acknowledged the execution of the lease before the Clerk of the Superior Court of that county on the 6th of May, 1889, and C. P. Davis, the lessee, being a resident of Lenoir, made a similar acknowledgment before the Clerk of the Superior Court of Lenoir County on the 14th of May, 1889, and the fact that the other parties to the instrument appeared with Davis before the Clerk of the latter county certainly does not vitiate the probate as to him, under subsection 2, section 1246, of *The Code*, if it would be otherwise sufficient. Hattie D. Kennedy, after she became the wife of W. H. Borden and removed to Wayne County, on the 6th of May, 1889, acknowledged the execu-

tion on her part before Grady, Clerk of the Superior Court of the county in which she then resided.

Subsection 6 is as follows:

"When the proof or acknowledgment of a conveyance, power of attorney, or other instrument *concerning the interest of a married woman in lands, is taken as in this chapter directed,* no Clerk of the Superior Court shall adjudge such conveyance or other instrument to be duly proved or acknowledged, unless the private examination of such married woman is taken according to the laws of this State and a certificate thereof attached to the deed or other instrument."

As the agreement was signed by Mrs. Borden when she was a *feme sole*, had the authority to enter into it in her representative capacity, and did not affect any individual interest held by her in land, it was not necessary that she should be privily examined, or that her husband should, in any way, signify his assent to her act, if, indeed, the instrument were admitted to be such as, under any circumstances, to make a privy examination necessary to its efficacy. *Hodges* v. *Hill*, 105 N. C., 130. She acknowledged the genuineness of her signature and the delivery of a paper executed when she had unquestioned power to act as executrix, and, in doing so, she was not continuing to act as executrix after coverture, but was merely furnishing the proof, in the mode prescribed by law, of an agreement previously made by her within the scope of her powers. Hence, her right to act as executrix after her marriage does not come in question.

But counsel contended that it was essential to the validity of the registration that the Clerk of the county where the land lies (Lenoir) should have adjudged the lease to have been duly acknowledged or proved in the same manner as if taken or made before him, and, while the Judge who tried the case below states that there was no certificate in the precise language of the statute, he also says, in another part of the statement, that said Clerk appended a certificate when

he took the acknowledgment of all the parties to the lease, on the 14th of May, 1889, after the lessors had appeared before the Clerks of their respective counties. The lease, with all of the certificates attached, ought to have been sent up as an exhibit, so that the Court here could see the form of the certificate instead of acting upon a statement of a conclusion of law as to the nature and effect of the paper signed by him and appended to the lease.

The parties, lessors and lessee, appeared before Bizzell, Clerk, and, in the language of the statement, " acknowledged the execution of said lease, and, *upon a certificate to that effect, said lease was registered on the 14th day of May, 1889.*" In the absence of more specific information, we must presume that the officer, though he did not adjudge the lease to have been duly acknowledged or proved before the other Clerks, in the same manner as if taken or made before him, did, in fact, adjudge that it had been duly acknowledged, and order it, with the certificates, to be registered, after the other two certificates had already been endorsed on, or attached to it. We must presume, too, when the record does not show the contrary, that the officer did his duty and made his certificate in proper form. We do not deem it essential that he should have adopted the very language of the statute, and have adjudged that the lease had been duly acknowledged before each of the other Clerks, if, acting upon the assumption that it had been, after the endorsement of two other certificates, he ordered the registration. The *fiat* presupposes the necessary approval of what had been previously done, and there is nothing in the record to rebut the presumption that a *fiat* constituted a part of Bizzell's certificate. The appellant might have insisted upon bringing up the lease, and, possibly, ought to have done so. He has no just ground of complaint, if the certificate is not in form what we assume the officer would make it.

But it is important that we should pass upon at least one of the questions that the counsel for both parties discussed before us and intended to present. Supposing that Bizzell did not, in terms, order that any certificate should be registered with the lease but his own, and admitting, for the sake of argument, that he had no authority to take the acknowledgments of residents of Wayne or Greene counties as to conveyances or leases of land lying in Lenoir, we would still be confronted with the question whether the registration as to Mrs. Hattie D. Borden and W. M. Darden, upon the certificates and *fiats* (which we presume were appended) of the two other Clerks, was valid. We think that the concluding sentence of subsection 6, section 1246, should still be construed as directory merely, notwithstanding the changes made by *The Code* since this. Court construed section 2, ch. 35 of Battle's Revisal, in the case of *Holmes* v. *Marshall*, 72 N. C., 39, and approved that construction in *Young* v. *Jackson*, 92 N. C., 144.

The acknowledgment of the lessors having been taken in accordance with the terms of the second, and that of the lessee in compliance with the first subsection of section 1246, by the Clerks of the Superior Courts in the counties where they respectively resided, it is not material whether the *fiat* of Bizzell, in terms or by implication, passed upon the probates taken by the other Clerks and ordered them to be recorded with his own certificate and the lease.

The probate as to each of the parties having been taken by a competent officer, the right to order the registration follows as an incident to the probate jurisdiction. RODMAN, J., in *Holmes* v. *Marshall*, *supra*, says: "It would seem that a power to take probate naturally carries with it, as an incident, a power to order registration." We think that the most important and cogent reasons that led this Court in that case to sustain the authority of an officer who is empowered to take probate of deeds to add a *fiat* to his certificate still subsist. We therefore hold that where an acknowledg-

ment or proof of the execution of a deed or other paper required or allowed to be registered is lawfully taken by any officer other than the Clerk of the Superior Court of the County where the land lies, it is not essential to the validity of its registration that the latter should add an adjudication or order of registration to the certificate and *fiat* of the officer taking the probate. The provision contained in the last sentence of the subsection (§ 1246) (2), that the Clerk of the Superior Court of the county where the land lies shall pass upon the acknowledgments taken before other Clerks, Judges or Justices of the Supreme Court, and determine whether they have been taken in due form or in the same manner as if he had taken them himself, was not intended to be mandatory, but directory merely.

A witness for the defendant produced, while upon the witness stand, a bundle purporting to be the original papers in a case lately pending in the Superior Court of Lenoir County, wherein the plaintiffs in this action and one Œttinger were defendants, and counsel for the defendant proposed to ask him the question, "Where did you get these papers?" The purpose of counsel in propounding the question was to identify the papers as records, by showing that the Clerk of the Superior Court of Lenoir County gave them to the witness as the original papers, according to their purport. In other words, the proposition was to show that the officer entrusted by law with the custody of them told the witness that they were original records in his office.

The original papers offered, if they were material and were properly identified, were admissible in evidence. A copy of this record with a proper certificate from the Clerk, is declared competent as evidence by section 1342 of *The Code*, but it was the inconvenience of producing and identifying the originals that necessitated the admission of exemplified copies *State* v. *Voight*, 90 N. C., 745 It is not necessary to decide whether the record was relevant or pertinent, since the tes-

timony offered to identify it was mere hearsay evidence and insufficient for that purpose. The custodian of the record might have identified it, if he had been introduced as a witness, but what he said to the witness in reference to the nature or character of the papers was no more competent than proof of the declarations of any other person in relation to them. *Springs* v. *Schenck,* 106 N. C., 165.

We conclude, therefore, that there was no error in the rulings of his Honor to which exceptions were entered below, and the judgment must be affirmed.

Affirmed.