A. S. T. JOHNSON et al. v. EVERSOLE LUMBER COMPANY.

(Filed 1 April, 1908).

1. **Deeds and Conveyances — Married Women — Probate Certificate for Registration.**

It is now necessary to the validity of a conveyance of land by a married woman for the probate court to adjudge and certify for registration that the certificate of the probate officer was "in due form and according to law." Revised Code, ch. 37; Revisal, secs. 999, 1001.

2. **Deeds and Conveyances—Chain of Title—Defective Probate— New Trial.**

Refusal of the court below to hold in rebuttal of plaintiffs' chain of paper title that a certain deed therein was invalid for want of a proper adjudication and certificate by the probate court, when the probate of a married woman to a conveyance of land was not certified in due form and according to law, was error, and a new trial in proper instances will be awarded.

3. **Deeds and Conveyances — Married Women — Probate — Commissioner of Deeds—Seal.**

When the copy of the certificate of the Commissioner of Affidavits for the State of North Carolina of the separate examination and acknowledgment of a married woman to a conveyance of lands situated here concludes, "Given under my hand and seal," the presumption is that the seal was affixed to the original, though not appearing in the copy. The seal, however, is not required to be registered, under Revised Code, ch. 21, sec. 2.

4. **Pleadings—Admissions—Inconsistent Defenses.**

In an action for trespass for cutting timber, when the plaintiffs make the necessary allegation of title, which is denied by the answer, it is not an admission of plaintiffs' title for the answer to set up in addition a prayer for affirmative relief, "that the plaintiff be decreed a trustee for his benefit."

ACTION tried before *McNeill, J.,* and a jury, at March Term, 1906, of SWAIN.

Defendant appealed. It was argued in and determined by this Court during the Spring Term, 1907, and no error adjudged. It is again before this Court upon a petition to rehear. The facts are stated in the opinion.

*George H. Smathers* and *Shepherd & Shepherd* for plaintiffs.

*A. M. Fry* and *Davidson, Bourne & Parker* for defendant.

CLARK, C. J.   Petition to rehear this case, reported 144 N. C., 717.   After deciding several points therein, the Court added that the "other exceptions do not require discussion." The petition to rehear is rested upon alleged inadvertence in this last particular, and we think there was an inadvertence as to one point which entitles the appellant to a new trial. This was properly presented in appellant's brief on the former argument, but was not pressed in the oral argument.

Reaffirming in every respect the decision in this case (144 N. C., 717) on the points therein decided, we think there was error below as to the following point, which was not discussed in the opinion: The defendant, to show a break in plaintiffs' chain of title, offered a deed from Wilson and wife to Farrer, dated 1 February, 1859, and registered 8 April, 1859.   This deed was duly acknowledged and the privy examination of the wife taken in the District of Columbia before a Commissioner of Deeds of this State in said District, as appears from the certificate of said commissioner in due form attached to said deed and duly registered.   The order of the Court of Pleas and Quarter Sessions merely directed that said deed and certificate of the commissioner "be recorded and registered in Jackson County," without any adjudication that the certificate was "in due form and according to law."   Such adjudication is required by the statute of 1868, and ever since, to be made by the probating officer in this State as an essential part of the order of registration (Revisal, secs. 999, 1001), and the omission of such adjudication has always been held under such statute to make the registration without authority of law and without effect.   *Starke v. Etheridge,* 71 N. C., 243; *Todd v. Outlaw,* 79 N. C., 237; *Evans v. Etheridge,* 99 N. C., 46, and numerous cases since.   But these all rest upon the wording of the statute in force in 1868 and since.   Those cases cite, it is true, cases prior to 1868, but such cited cases are only to the well-settled rule that when the probate, acknowledgment or order of registration does not conform to the statute the registration is void.

The statute in force when this foreign acknowledgment, privy examination and order of registration took place, in 1859, was Revised Code, ch. 37, sec. 5, which did not contain any requirement, as now, that the probate court here should after due examination *adjudge* that the acknowledgment and privy examination were duly proven and that the certificate was in due form before ordering registration, but said section 5, chapter 37, Revised Code, only required that the instrument, "being exhibited in the Court of Pleas and Quarter Sessions of the county where the property is situate or to one of the Judges of the Supreme Court or of the Superior Courts of this State, shall be ordered to be registered with the certificates thereto annexed." Presumably these officers would not have ordered any such conveyance to registration unless it had appeared to be duly proven and certified in due form. But as the statute did not at that time require the probating officers, as now, to so adjudge as a preliminary condition to making the order of registration, a failure to enter such adjudication as a part of the order does not invalidate the registration, and it was error to exclude the deed as evidence. The probate to this very deed was presented (*Johnson v. Duvall,* 135 N. C., 642), but the Court did not find it necessary to pass on it.

The certificate of the Commissioner of Deeds in the record concludes with the words "Given under my hand and seal." The presumption is that the seal was affixed to the original. *Shepherd, C. J.,* in *Healh v. Cotton Mills,* 115 N. C., 208. It does not appear that it was not. Besides, the statute of that date (Revised Code, ch. 21, sec. 2) does not require the certificate of the commissioner to be under seal, though doubtless the probating court or officer would have doubted the authenticity of a certificate from another State lacking an official seal and would have refused an order of registration. The point, moreover, is directly passed upon as to this very

probate in *Johnson v. Duvall,* 135 N. C., 642, and the omission of any seal to the commissioner's certificate held immaterial.

The plaintiff further insists that this was not an action of ejectment, and that the defendant, by setting up a prayer for affirmative relief, that the plaintiff be decreed a trustee for its benefit, admitted title in the plaintiff. It is essential that the plaintiff should aver and show that he is owner of the property to sustain his action for damages for trespass in cutting timber by defendant, and the allegations as to title are denied in the answer. The equitable relief demanded by defendant, based upon further allegations in the answer, is not a waiver of such denial. Inconsistent defenses can be pleaded. Revisal, sec. 482; *Ten Broeck v. Orchard,* 79 N. C., 521; *Reed v. Reed,* 93 N. C., 465; *Threadgill v. Commissioners,* 116 N. C., 628. And these cases are far from measuring up to the classic instance where a defendant, sued for damaging a borrowed pot, answered (1) that the pot was cracked when he got it; (2) that it was not cracked when he returned it; (3) that he had never had the old pot.

For the error in excluding the deed from Wilson to Farrer there must be a new trial.

Petition to Rehear Allowed.