M. E. COZAD ET AL. v. H. M. McADEN.

(Filed 25 May, 1908.)

1. **Deeds and Conveyances—Probate, Time for, Not Limited.**

    A deed duly executed prior to January, 1889, can be admitted to probate, under chapter 147, Laws 1885 (now Revisal, sec. 980), as no limitation of time for registration is therein specified.

2. **Deeds and Conveyances—Execution Prior to 1886—Registration 1893—Statute Applicable.**

    A deed executed prior to 1 January, 1886, and offered for probate and registration in April, 1893, is governed in that respect by The Code, sec. 1250.

3. **Deeds and Conveyances — Probate Without Adjudication Defective.**

    The probate of a deed is defective, under The Code, sec. 1250, which lacks the adjudication therein required, that it had been duly acknowledged or proven.

4. *Deeds and Conveyances — Certificate of Commissioner—Revisal,* ch. 37—Requirements of Registration.

    A deed registered in the proper county upon the certificate of a commissioner of deeds from another State must have the *fiat* from the clerk ordering it to be registered, or the registration will be invalid, under Revised Code, ch. 37, sec. 5. This defect is not cured by Revisal, sec. 1022.

ACTION tried before *Guion, J.,* and a jury, at Spring Term, 1908, of GRAHAM.

Plaintiffs appealed.

*Zebulon Weaver, F. S. Johnson* and *T. A. Morphew* for plaintiffs.

*Dillard & Bell, Merrick & Barnard* and *Tillett & Guthrie* for defendant.

CLARK, C. J. This is an action to remove a cloud upon title. Neither party was in possession. To complete plaintiff's chain of title from the State he offered the following deeds, which being excluded, he took a nonsuit and appealed:

The first deed, from Herbert to Hincman, purported to have been acknowledged before a commissioner of deeds for North Carolina in Ohio, in Cincinnati, 1 February, 1867, and the other, from Hineman to Stephenson, purported to have been executed 2 March, 1868. Both were probated and recorded in Graham County, where the land lies, on 17 April, 1893. The defendant objected that the probate was defective, and because the deed could not be legally admitted to probate and registration in 1893, having been executed prior to 1 January, 1886.

The second objection was invalid. Chapter 147, Laws 1885, now Revisal, sec. 980, contains no limitation as to the time when the conveyance shall be registered. It simply provides that it shall not be valid against creditors or purchasers for value, except *from the registration thereof.* *Hallyburton v. Slagle,* 130 N. C., 484.

But the first objection must be sustained. The probate as to the first deed is simply that the certificate of the commissioner of deeds is adjudged to be correct. This does not comply with the statute in force in 1893 (The Code, sec. 1250), which required that the clerk "shall adjudge such deed or other instrument to be duly acknowledged or proved."

. Revisal, sec. 999, provides that the clerk shall adjudge the instrument to have been duly proven, and that the certificate is in due form; but Revisal, sec. 1001 (act of 1899), now provides that the form of the clerk's probate shall be sufficient if the certificate is "adjudged to be correct." This 1893 probate is governed by The Code, sec. 1250, above quoted. Up to C. C. P., sec. 429 (24 August, 1868), the statute merely required "an order for registration." *Johnson v. Lumber Co.,* 147 N. C., 249. Section 429, C. C. P., required an adjudication, but a curative statute was enacted making probates in the previous manner valid up to 27 January, 1870. Laws 1869-'70, ch. 32.

The probate of the second deed (of 2 March, 1868) by the Clerk of Graham Superior Court, also made 17 April, 1893, was defective for the same reason, that it lacked the adjudication that it had been duly proven, required by The Code, sec. 1250.

The plaintiff then offered a certified copy of the deed of 1 February, 1867 (Herbert to Hineman), from the Register of Deeds of Cherokee County (in which the land lay in 1869), showing that it had been registered in that county 30 September, 1869, but this was properly rejected, there being no order of registration from the Clerk. The endorsement was simply, "The foregoing deed came to hand 30 September, 1869, and was then duly registered," etc., giving book and page, and signed by the Register. The invalidity of such registration upon the certificate of the commissioner of deeds, without an adjudication of the clerk, is decided. *Evans v. Etheridge,* 99 N. C., 43. It is true that at that time the statute did not require the probate to be registered (*Perry v. Bragg,* 111 N. C., 163; *Cochrane v. Improvement Co.,* 127 N. C., 386), if there was in fact a proper probate that could be shown. But it was indispensable that there should at least be a *fiat* from the clerk ordering the deed to be registered. Revised Code, ch. 37, sec. 5.

The nullity of registration without authority is too well settled to need discussion. *Todd v. Outlaw,* 79 N. C., 235, and numerous cases therein cited, as well as those since, which have approved and followed it, which last will be found in the annotated edition of 79 N. C.

There have been very many curative statutes (Revisal, secs. 1008 to 1030, and two in the Laws of 1907, since the Revisal), embracing almost all such defects, but they have omitted to cure this particular defect. Revisal, sec. 1022, fails to include commissioner of deeds, else it would have been sufficient.

Affirmed.