E. A. HEATH v. M. D. LANE ET ALS.

(Filed 2 October, 1918.)

1. **Clerks of Court—Probate Judge—Statutes, Directory—Deeds and Conveyances—Title.**

   The law is directory that requires the probate judge of the county wherein the lands lie and the deed registered to pass upon the probate taken by the probate judge in another county, and his failure to have done so does not alone affect the title thus conveyed.

2. **Evidence—Title—Common Source—Deeds and Conveyances—Location—Burden of Proof—Nonsuit.**

   The plaintiff must show his title in his action to recover land; and when he claims a superior title, but under a common source with the defendant, and the cause has been accordingly tried in the Superior Court, he necessarily admits that the *locus in quo* is covered by the defendant's deed from such source, and upon judgment of nonsuit he may not justly complain that the burden of proof was on defendant to show that his deed covered the lands in dispute.

ACTION to recover a tract of land, tried before *Allen, J.*, at February Term, 1918, of CRAVEN.

At the conclusion of the evidence the court sustained a motion to nonsuit, and plaintiff appealed.

*W. D. McIver for plaintiff.*
*Guion & Guion, Moore & Dunn, T. D. Warren, and R. A. Nunn for defendants.*

BROWN, J. An examination of the record discloses that plaintiff

failed to make out a title to the land in controversy in any of the recog-nized methods so clearly pointed out in *Mobley v. Griffin,* 104 N. C., 115.

The plaintiff, failing to show title out of State, and color of title and adverse possession, undertook to estop defendants by showing that they claimed under a common source with plaintiff, and that plaintiff held the better title from such source. It was admitted that Charles A. White was seized in fee of the land in controversy, and that plaintiff and defendant claimed title under him. The plaintiff claims under a deed from C. A. White, dated 2 November, 1891, and recorded 9 March, 1891. The defendants claim under a deed from C. A. White, dated 11 February, 1878, and recorded 26 February, 1878.

The plaintiff contends that the last named deed fails to convey the title as against his deed, because there was no adjudication of probate by the proper officer of Craven County, the original probate having been taken by the probate judge of Pitt County.

The question presented was decided as long ago as 1875, when it was held that the provision of the law which requires the certificate of probate made by the probate judge of one county to be passed on by the probate judge of the county when the deed is to be recorded is only directory, and that a registration upon a probate which has not been so passed upon is valid. *Holmes v. Marshall,* 72 N. C., 38.

It is further contended that the judge erred in sustaining the motion to nonsuit because the burden of proof was on defendants to show that the deed under which they claimed, dated 11 February, 1878, covered the land.

No such point as this appears to have been made on the trial below, and the case was tried out on the theory that both deeds executed by Charles A. White covered the land in controversy, and the contest was as to which deed prevailed. This must necessarily be true, for plaintiff was endeavoring to estop the defendants under Rule 6, as laid down in *Mobley v. Griffin, supra,* by connecting defendants with a common source of title (Charles A. White) and by showing in himself a better title.

To do this, plaintiff was bound to admit that defendants' deed (claimed to be invalid as to registration) covered the *locus in quo.* Unless it covered the *locus in quo,* it could not connect defendants with the common source of title, and it would be idle to attack the validity of the registration and probate of a deed that plaintiff denied covered the land in dispute.

We are of opinion, upon a review of the record, the nonsuit was properly allowed.

Affirmed.