CLARK, C. J., dissenting.
Civil action for the recovery of lands embraced in State Grant No. 2861, and located on the waters of "Little Snowbird" in Graham County.
The plaintiff and the defendants all claim title to the land in controversy under State Grant No. 2861, entry 6748, issued to W. H. Herbert on 18 December, 1865. The defendants at the trial of the cause conceded that the plaintiff was the owner and entitled to the possession (602) of so much of said grant No. 2861 as is lapped upon and covered by grant No. 2830, entry No. 1362, and judgment was entered accordingly; hence this lappage is not in issue on this appeal. The plaintiff admitted on said trial that the defendants were the owners, as their interests might appear, of so much of grant no 2184, entry No. 1000, as lapped upon grant No. 2861, and judgment was entered accordingly, and this lappage is not in issue on this appeal.
Originally the defendants denied the location of grant No. 2861 as claimed by the plaintiff, and as shown by map attached to the judgment of the court set out in the record, but the question of location was abandoned at the trial and the sole question now before the Court is as to the title to the said grant No. 2861, exclusive of the aforesaid lappages.
The plaintiff Champion Fibre Company claims title to the land embraced in said grant No. 2861, entry No. 6748, by the following paper chain of title:
(1) Mortgage deed from W. H. Herbert to W. E. Snoddy and others, executed 8 December, 1866, and duly registered in the office of the register of deeds for Cherokee, on 23 October, 1867, covering the *Page 645 
grants to Herbert in Cherokee County, but which are now in Graham, Clay, and Cherokee, and including the aforesaid grant No. 2861, now in Graham County.
(2) Judgment and proceedings of the Superior Court at Cherokee at March Term, 1873, in the case of W. E. Snoddy et al. against W. H. Herbert, adjudging that the plaintiffs recover of the defendant the sum of $8,273.19, secured by said mortgage, which was foreclosed, and appointing S.W. Davidson commissioner to sell at public sale the lands described in the mortgage, and to execute deed therefor.
(3) Deed by Samuel W. Davidson, commissioner, to W. E. Snoddy for 12 tracts of land, including said grant No. 2681, entry No. 6748, bearing date 2 June 1873, and recorded in Cherokee, 20 April, 1874, and in Graham, 8 May, 1874.
(4) Mesne conveyances from Samuel W. Davidson, commissioner, to Champion Fibre Company, which defendants admit passed such title as was vested in W. E. Snoddy by aforesaid deed from Davidson, commissioner.
The defendants claim title to the land covered by said grant No. 2861, exclusive of the aforesaid lappages, through the following paper chain of title:
(1) Judgment in the Superior Court of Alamance County at March Term, 1867, in the case of George W. Swepson against J. D. Harden, W. H. Herbert, and W. H. McKoy; said judgment being for $3,500, with interest from 3 March, 1867, together with the costs of the action.
(2) Deed by the sheriff of Cherokee to Joe Keener for the land embraced in grant No. 2861, said deed being dated 12 May, (603) 1868, and duly registered in Cherokee County.
(3) Mesne conveyances from Joe Keener to the defendants, which plaintiff admits passed such title as was acquired by Keener under the sheriff's deed.
(4) Deed from John C. Herbert and wife, heirs at law of W. H. Herbert, to M. E. Cozad, dated 15 May, 1919, covering the land in controversy.
The plaintiff offered evidence that the certified copy of State Grant No. 2861, from the office of the Secretary of State, introduced by the defendants, was identical with and covered the same land as State Grant No. 2861, as registered in the office of the register of deeds of Cherokee.
At the close of all the evidence, the court, being of opinion that the plaintiff was not entitled to recover, directed a verdict for the defendants; and from the judgment rendered thereon the plaintiff appealed. *Page 646 
After stating the facts as above: All of the parties to this proceeding, plaintiff and defendants, claim title to the locus in quo under State Grant No. 2861, entry No. 6748, issued to W. H. Herbert on 18 December, 1865. The plaintiff claims under a mortgage executed by Herbert to Snoddy (1866), foreclosure proceedings thereunder, and subsequent mesne conveyances; the defendants claim under judgment against Herbert and execution sale, followed by sheriff's deed (1868), and later mesne conveyances.
On these opposing claims, defendants contend that the plaintiff has failed to show a superior title from the common source; because the mortgage deed from Herbert to Snoddy, under which the plaintiff claims, it is alleged, was not properly probated and registered in accordance with the requirements of the law then in force; and further, for the reason that the foreclosure proceedings were irregular, and the sale by Davidson, commissioner, was never confirmed by the court. Hence, these instruments, defendants contend, are not valid and effective muniments of title as against their claim based upon the execution sale, sheriff's deed, and subsequent mesne conveyances.
With respect to the probate of the Herbert mortgage, it appears that the acknowledgment was taken before a commissioner of deeds for North Carolina in the city of New York, 24 December, 1866, certified by him under his official seal, and admitted to registration by the register of deeds of Cherokee County without any further order or fiat
from the judge or clerk of the court of pleas and quarter sessions, (604) or from any other resident official vested with authority to order said instrument to registration.
The certificates of acknowledgement and registration here called in question are as follows:
STATE OF NEW YORK — CITY AND COUNTY OF NEW YORK.
Be it known that on this 24 December, in the year A.D. 1866, before me personally came and appeared W. H. Herbert, to me personally known, and known to me to be the same person described in and who executed the within mortgage, and he acknowledged to me that he executed the same for the uses and purposes therein mentioned, as witness my hand and seal of office. ISAAC H. HALL, (Commissioner's Seal.) Commissioner for North Carolina. *Page 647 
The foregoing mortgage came to hand and was duly registered in the register's office of Cherokee County, North Carolina, in Book "K," page 212, 23 October, 1867. P. V. BRITTIAN, R. C. C.
Plaintiff contends that the foregoing is sufficient as a valid probate under the provisions of the Revised Code of 1855, chs. 21 and 37, relating to the acknowledgment, proof, and registration of deeds, then in force, and under the following decisions and adjudications: Holmes v. Marshall,72 N.C. 37; Young v. Jackson, 92 N.C. 144; Darden v. Steamboat Co.,107 N.C. 437; Johnson v. Lumber Co., 147 N.C. 249; Hiawassee Lumber Co. v.U.S., 238 U.S. 553; Heath v. Lane, 176 N.C. 119, and Sluder v. LumberCo., 181 N.C. 69.
Defendants, on the other hand, contend that the registration of said mortgage deed is invalid and conveys no title as against their claim; because, as appears from the record, it was admitted to registration without any prior adjudication, or fiat from any resident officer vested with authority to order the same to registration. For this position, the defendants rely upon the statutes then in force and the following decisions of this Court: Simmons v. Gholson, 50 N.C. 401; Evans v. Etheridge,99 N.C. 43; White v. Connelly, 105 N.C. 65; Cozad v. McAden, 148 N.C. 10;S. c., 150 N.C. 206.
Some apparent confusion and misunderstanding have arisen as to the exact meaning of the decisions in several of the cases above mentioned, it becomes necessary, and, indeed, desirable, for us, in this opinion, to reexamine these decisions and to point out the basic difference underlying the two classes of cases.
In Holmes v. Marshall, supra, the acknowledgment there in question was taken before a clerk of the Superior Court in this State, and not before a commissioner of deeds, notary public, or justice of the peace. Inasmuch as every clerk of the Superior Court in North Carolina has equal jurisdiction with every other clerk in respect to (605) probate matters, this Court held that where the clerk of the court of any county in the State took the acknowledgment of a deed and ordered it to registration, it was not absolutely necessary that the certificate of this clerk be passed upon by the clerk of the court of the county in which the land was situated; the order or fiat of the latter clerk, in such cases, being merely directory.
In Young v. Jackson, supra, the acknowledgment was taken before the clerk of the court of one county and the deed registered elsewhere in the county where the land was located, without any order of registration and without any action being taken thereon by the clerk of the court of the latter county. It was here held that no order of registration by the local clerk was necessary where the acknowledgment was taken *Page 648 
by the clerk of the court of another county, because said clerk, having jurisdiction to order the deed to registration, the requirement that his probate be passed upon by the local court was only directory and not mandatory.
In Darden v. Steamboat Co., supra, the acknowledgments were had before clerks of the Superior Court, and there it was held that, as said acknowledgments had been taken by competent officers, no further adjudication by the local clerk was necessary. Avery, J., speaking for the Court, concludes the discussion of this question as follows: "The provision contained in the last sentence of the subsection (section 1246) (2), that the clerk of the Superior Court of the county where the land lies shall pass upon the acknowledgment taken before the other clerks, judges, or justices of the Supreme Court, and determine whether they have taken due form or in the same manner as if he had taken them himself, was not intended to be mandatory, but directory merely." It will be noted that the Court here apparently limits this doctrine to cases in which deeds have been acknowledged "before other clerks, judges, or justices of the Supreme Court." This is as far as the facts of the case warranted the Court in going at that time, and the opinion must be considered in connection with the facts there presented. "Every opinion, to be correctly understood, ought to be considered with a view to the case in which it was delivered."Marshall, C. J., in U.S. v. Burr, 4 Cr. 470.
In Johnson v. Lumber Co., supra, the question now before us was dealt with as follows: "The statute in force when this foreign acknowledgment, privy examination, and order of registration took place, in 1859, was Rev. Code, ch. 37, sec. 5, which did not contain any requirement, as now, that the probate court here should, after due examination, adjudge that the acknowledgment and privy examination were duly proven, and that the certificate was in due form before ordering registration; but said sec. 5, ch. 37, Rev. Code, only required that the instrument `being exhibited in the court of pleas and quarter (606) sessions of the county where the property is situate or to one of the judges of the Supreme Court or of the Superior Courts of this State, shall be ordered to be registered with the certificates thereto annexed.' Presumably these officers would not have ordered any such conveyance to registration unless it had appeared to be duly proven and certified in due form. But as the statute did not at that time require the probating officers, as now, to so adjudge as a preliminary condition to making the order of registration, a failure to enter such adjudication as a part of the order does not invalidate the registration, and it was error to exclude the deed as evidence." Here, it will be noted, the Court points out the difference between the old and the new law with respect *Page 649 
to the duty of the probate court in adjudging that the certificate of acknowledgment or proof was in due form or execution duly proven. But in this case there was a fiat, ordering the deed in question to registration; hence, this latter point was not before the Court for decision.
Following these decisions, the United States Supreme Court in HiawasseeLumber Company v. U.S., 238 U.S. 553, by a divided Court, extended the same principle to acknowledgments taken before commissioners of affidavits and deeds in other states, under the Revised Code of 1855.Mr. Justice Pitney, speaking for the Court, said: "It will be observed that in the Code of 1855 a very different effect was given by section 5 of chapter 37 to a certificate of acknowledgment taken by one of the commissioners appointed by the Governor under chapter 21, from the effect given to the proceedings of a commissioner or commissioners specially appointed under section 4 of chapter 37. Proceedings before a special commissioner, being returned to the court, simply formed the basis upon which the court might proceed to adjudge that the deed was duly acknowledged or proved. But an acknowledgment taken by a standing commissioner (an official commissioned by the Governor and holding office during his pleasure), being duly certified, was not to be reviewed judicially before being ordered to registration. So it was expressly held by the Supreme Court of North Carolina inJohnson v. Lumber Co. (1908), 147 N.C. 249. And see, to the same effect, Cozad v. McAden, 148 N.C. 10; S. c., 150 N.C. 206. That such was the law prior to the adoption of the Code of Civil Procedure was recognized by the Circuit Court of Appeals (202 F. 41). The Code of 1855 did contemplate an order or fiat for registration, and there is no evidence that the Olmsted-Stevens deed, when registered in 1869, was accompanied by such an order, except the official certificate that it was `duly registered.' But it has been in effect held that the statutory provision for such an order is directory, not mandatory; and that, if the deed be in fact registered after proper probate, the fiat becomes nonessential. Holmes v. Marshall, 72 N.C. 37; Young v. Jackson,92 N.C. 144; Darden v. Steamboat Co., 107 N.C. 437. The (607) first two of these cases were distinguished in Evans v. Etheridge,99 N.C. 43; but this case did not hold that the absence of the fiat for registry was fatal."
Logically, there would seem to be much reason for this extension by the United States Supreme Court, assuming that the law had been correctly declared in this line of cases, for in section 2, chapter 21, of said Revised Code, relating to the authority of such commissioners, it was provided as follows: "And such acknowledgment or proof, taken or made in the manner directed by the laws of this State, and certified by the commissioner, shall have the same force and effect, for all purposes, *Page 650 
as if the same had been made or taken before any competent authority in this State."
If this were a Federal question, the above decision would be binding on us; but in construing our local statutes, especially those pertaining to titles and the registration of deeds, our own decisions are controlling. 25 C. J. 832 et seq. It has been held in a long line of decisions that the construction of a State law upon a question affecting the titles to real property in the State by its highest Court is binding upon the Federal Courts. Williams v. Kirtland, 13 Wall. 306; Barrett v. Holmes, 102 U.S. 655.
In Carroll Co. v. U.S., 18 Wall. 71, Mr. Justice Strong delivered the opinion of the Court, and in discussing this question said: "That the construction of the statutes of a state by its highest courts is to be regarded as determining their meaning, and generally as binding upon United States Courts, cannot be questioned. It has been asserted by us too often to admit of further debate. See numerous cases, Bright. Fed. Dig. 163. We have even held that when the construction of a state law has been settled by a series of decisions of the highest state court, different from that given to the statute by an earlier decision of this Court, the construction given by the state courts will be adopted by us. Green v. Neal, 6 Pet. 291;Suydam v. Williamson, 24 How. 427; 16 L.Ed. 742; Leffingwell v. Warren, 2 Black, 599; 17 L.Ed. 261. And we adopt the construction of a state statute settled in the courts of the state, though it may not accord with our opinion. McKeen v. Delaney, 5 Cranch 22."
After a careful and full examination of all the cases bearing on the subject, we are constrained to believe that the learned justice who wrote the opinion in the Hiawassee Lumber Company case was misled by several expressions in our reports. This much is said with all due deference. Indeed, so great is our respect and regard for the decisions of the Federal Supreme Court that we were led to adopt and to sanction its conclusion in this very case, by a dictum in the recent case of (608) Sluder v. Lumber Co., 181 N.C. 69, which we now wish to correct and to disapprove.
The decision in Heath v. Lane, supra, was only a repetition and reaffirmation of what was said in Holmes v. Marshall, supra. And, therefore, it is to be classed with the same line of cases.
It should be remembered that in Holmes v. Marshall, supra, and Young v.Jackson, supra, we were departing from a strict and literal construction of the words used in the statute; and in Darden v. Steamboat Co., supra, a definite limitation as to how far we should go in that direction apparently was suggested and pointed out. Furthermore, in several cases we had expressly held that such powers of probate had *Page 651 
not been given to commissioners of affidavits and deeds, resident in other states.
In the case of Evans v. Etheridge, supra, the facts, with respect to the probate of the deed of trust, there called in question are strikingly similar to those in regard to the probate of the Herbert mortgage in the case at bar. Upon this phase of the matter, Davis, J., delivering the opinion of the Court, said:
"It is insisted by the appellees that the deed in question was proved in compliance with this section before a commissioner of affidavits, and that the adjudication of the clerk is only directory, and not an essential prerequisite to registration, and that, having been registered upon the certificate of the commissioner, though without any adjudication and order of registration by the clerk, it is valid, and, the purposes of registration being to give notice, the spirit and purpose of the law is fully met. We are referred to a number of cases (Young v. Jackson,92 N.C. 144; Holmes v. Marshall, 72 N.C. 37, and other cases) in which it was held that `the provision requiring the certificate of probate by the probate judge of a county other than that of registration to be passed upon by the probate judge (the clerk) of the county of registration is directory, and that a registration which has not been so passed upon is not void.' The analogy between those cases and that before us is lost in the fact that the functions of the clerk are broader than those of the commissioner. He not only takes the proof of acknowledgment, but adjudges
the fact of `due execution,' whereas the commissioner of affidavits, and perhaps others, only take and certify the acknowledgment or proof. `Probate of deed is taken,' says Pearson, J., in Simmons v. Gholson,50 N.C. 401, `by hearing the evidence touching the execution, i. e., the testimony of witnesses or acknowledgment of the party — and from that evidence adjudging the fact of its execution. Where the evidence is offered to the court, the entire probate is taken by it; but where the agency of a commissioner is resorted to, a part of the probate, i. e., hearing the evidence, is taken by him and certified to the court, and thereupon the probate is perfected by an adjudication that (609) the certificate is in due form, and that the fact of the execution of the deed is established by the evidence so certified.' In cases of probate before clerks who can both take the evidence and adjudicate the fact, it has been held that though it ought not to be omitted, the fiat
of the clerk of the county of registration is not an absolute prerequisite to a valid registration, but the validity of the registration in such cases rests upon the fact that there has been an adjudication of `due execution' by an officer competent to both hear evidence and adjudicate. The register has no authority to put the deed upon his books unless proved and so adjudged in some one of the modes prescribed by the *Page 652 
statute. `The probate is his warrant for doing so,' and if registered without this warrant it does not create such an equity in the mortgage trustee as to affect creditors or subsequent purchasers for value. It was so adjudged in Todd v. Outlaw, 79 N.C. 235, and we refer to that case and the authorities there cited."
Again, this question was discussed in a clear and conclusive opinion by the present Chief Justice in the case of White v. Connelly, 105 N.C. 65. There the acknowledgment to a deed of trust had been taken in Iredell County before a justice of the peace, and Connelly, the defendant, being clerk of the court, undertook to pass upon the certificate of the justice of the peace who had taken the clerk's own acknowledgment. It was held that the clerk could not pass upon this certificate; whereupon the contention was made that inasmuch as the certificate was from a justice of the peace of Iredell County, the register of deeds would be justified in admitting the deed to registration without any fiat from the clerk or other officer. The Court held otherwise, saying that a justice of the peace had no power "to probate deeds and order them to registration."
But the precise point we are now considering was before the Court in the case of Cozad v. McAden, 148 N.C. 10. There a deed made by W. H. Herbert (the same person who executed the mortgage in the case at bar) in 1867 was acknowledged before a commissioner of deeds, prior to the act of 1868, and registered in 1869, without any further order or fiat from the local court. This was held to be insufficient. The present Chief Justice, speaking for this Court, said:
"The plaintiff then offered a certified copy of the deed of 1 February, 1867 (Herbert to Hineman), from the register of deeds of Cherokee County (in which the land lay in 1869), showing that it had been registered in that county 30 September, 1869, but this was properly rejected, there being no order of registration from the clerk. The endorsement was simply, `The foregoing deed came to hand 30 September, 1869, and was then duly registered,' etc., giving book and page, and signed by the register. The invalidity of such registration upon the (610) certificate of the commissioner of deeds, without an adjudication by the clerk, is decided, Evans v. Etheridge, 99 N.C. 43. It is true that at that time the statute did not require the probate to be registered (Perry v. Bragg, 111 N.C. 163; Cochrane v. Improvement Co., 127 N.C. 386), if there was in fact a proper probate that could be shown. But it was indispensable that there should at least be a fiat from the clerk ordering the deed to be registered. Revised Code, ch. 37, sec. 5. The nullity of registration without authority is too well settled to need discussion. Todd v. Outlaw, 79 N.C. 235, and numerous cases therein cited, *Page 653 
as well as those since, which have approved and followed it, which last will be found in the annotated edition of 79 N.C."
It may be noted that this case was reheard (150 N.C. 206), and a part of the opinion reversed with reference to the form of the order of registration as to two other deeds, but that part of the opinion quoted above was not affected by the rehearing, and has never been changed. Upon the second hearing, the Court still adhere to the ruling that an order of registration by some competent officer was necessary. This was at that time, and is now (C. S. 3305), a legislative requirement, and we are not at liberty to dispense with it.
Recurring again to the decision of the United States Supreme Court in the Hiawassee Lumber Company case, for the purpose of considering it more in detail, we may observe in the outset that the judge of the District Court, the three judges sitting in the Circuit Court of Appeals, together with Justices Day and Hughes of the Supreme Court of the United States, were of the opinion that the probate in that case was insufficient under our statutes. Mr. Justice McReynolds took no part in the decision; hence, only six members of the National Supreme Court participated in the majority opinion. We mention this only for the purpose of showing the degree of uncertainty which had arisen over the question, and it has been our purpose here to try to collect the pertinent cases on the subject and to undertake to set the matter at rest. If it be found that the provisions of the statutes, as now enacted, sometimes make for hardships and injustice, the Legislature alone may remedy the situation and bring about a change, if such be needed or desired.
In the first part of the opinion of the United States Supreme Court, quoted above, emphasis is placed upon the difference between sections 4 and 5 of chapter 37 of the Code of 1855. Because section 4 required an adjudication and section 5 required an order, the Court seems to have reached the conclusion that the requirements of the former were mandatory while those of the latter were directory only. In fact, it is said in the opinion that such was the effect of our holding in Johnson v.Lumber Co., 147 N.C. 249. But we do not think that the decision inJohnson's case supports this conclusion. In that case the order of the court of pleas and quarter sessions merely directed that (611) said deed and certificate of the commissioner "be recorded and registered in Jackson County," without any adjudication that the certificate was "in due form and according to law." This was held to be sufficient. Note, however, there was an order or fiat directing that the deed be registered.
In the last part of the quotation from the opinion in the HiawasseeLumber Company case, above set out, it is said that the decision in Evansv. Etheridge, supra, "did not hold that the absence of the fiat for *Page 654 
registry was fatal." We do not think this conclusion is supported by what was decided in the Evans case, supra. There the deed was acknowledged before a commissioner of deeds, in the District of Columbia, and registered without any further order or fiat. It was held that this registration was "without proper warrant," and, therefore, invalid as against the plaintiff's claim. We think it is manifest that the deed was rejected on account of "the absence of the fiat for registry." No other reason was stated in the opinion for denying its validity.
But it is contended that the defective probate and registration of the mortgage from Herbert to Snoddy has been cured, and the foreclosure proceedings had thereunder validated by the act of 1913, now C. S. 3362, which provides as follows: "Any deed or other instrument permitted by law to be registered, and which has, prior to the third day of March, one thousand nine hundred and thirteen, been proved or acknowledged before a commissioner of deeds, is validated; and its registration is authorized and validated. Nothing is this section affects litigation pending 3 March, 1913."
Plaintiff contends that the mortgage, under which it claims, was registered on 23 October, 1867, prior to the execution sale and deed dated 12 May, 1868, under which the defendants claim, and that, therefore, the curative act above mentioned made good any defects in the probate and registration of the said mortgage and perfected the plaintiff's title to the property covered thereby. We are unable to agree with this conclusion under the facts of the instant case. It has been consistently held with us that while these curative acts are remedial in character and beneficent in purpose — making for the saving of titles, and not for their destruction — yet they will not be permitted to impair or to interfere with the vested rights of others. Sluder v. Lumber Co.,181 N.C. 72; Downs v. Blount, 31 L.R.A. (N.S.) 1076, and authorities collected in note; 6 R. C. L. 361; Weston v. Lumber Co., 160 N.C. 268, and cases there cited.
Speaking to this question, in Powers v. Baker, 152 N.C. 718, the present Chief Justice, in delivering the opinion of the Court, said: "Validating statutes of this nature have always been within the power of the General Assembly, Tatom v. White, 95 N.C. 453, (612) though such statute would not be valid against a deed from the same grantor duly registered, or a lien acquired against the grantor, before the validating act. Barrett v. Barrett, 120 N.C. 127. But the validation of the probate of a deed from Stickney to the plaintiff would be good against the defendant, who does not claim under Stickney." This fits our case exactly. The plaintiff and the defendants are all claiming title to the land in dispute under W. H. Herbert, who acquired it by grant from the State. The defendants, therefore, stand in the position *Page 655 
of creditors, claiming, as they do, under one who purchased at an execution sale. There is nothing in the record to show what Keener bid for the property at the sheriff's sale, but the judgment, under which the execution was levied, amounted to $3,500, with interest from 3 March, 1867, together with the costs of the action. As far back as Briley v. Cherry, 13 N.C. 5, it was declared by Henderson, J., that one who comes in under a sheriff's sale at execution is not only clothed with the title of the defendant in the execution, but also with the rights of the creditor, which may be paramount to those of the debtor quoad the thing sold. See, also, Dancy v.Duncan, 96 N.C. 111; 10 R. C. L. 1324.
Again, in Barrett v. Barrett, 120 N.C. 131, the present Chief Justice, further animadverting upon the effect of curative statutes, said: "It is competent for the Legislature to provide what mode of probate shall be valid, and when it does so, it can affect past as well as future probates, except that the rights of third parties, claiming prior to the validating act, cannot be divested. Retrospective legislation is not necessarily invalid. It is only so to the extent it would divest vested rights."
We, therefore, conclude that the mortgage deed from Herbert to Snoddy was registered without any proper probate or warrant therefor, and that such registration was insufficient to give the plaintiff's claim of title superiority over that of the defendants, who stand in the position of creditors.
This makes it unnecessary for us to consider the remaining exceptions.
After a full and careful consideration of the entire record, we find no error, and the judgment for defendants must be upheld.
No error.